■ PAULINE MICHAELSON, Appellant, v JOHN V. SCADUTO et al., Respondents. [612 NYS2d 659] —In an action pursuant to RPAPL article 15 to set aside the issuance of a tax deed and to recover damages for fraud, the plaintiff appeals, as limited by her brief, from (1) so much of an order of the Supreme Court, Nassau County (Murphy, J.), entered March 27, 1992, as dismissed the complaint, denied the plaintiff's cross motion to permit the complaint to be asserted as a counterclaim to an action pursuant to RPAPL article 15 to bar claims to real property previously commenced by the defendant Florence Risman, and denied the plaintiff's request for injunctive relief, and (2) an order of the same court, dated November 5, 1992, which denied the plaintiff's motion which was denominated as

being for "reargument and renewal", but was, in actuality, merely for reargument.

Ordered that the appeal from the order dated November 5, 1992, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order entered March 27, 1992, is affirmed insofar as appealed from; and it is further,

Ordered that the respondents appearing separately and filing separate briefs are awarded one bill of costs.

The Supreme Court properly exercised its discretion in dismissing the complaint insofar as it is asserted against the defendant Henry Michaelson because the complaint failed to demand any relief from him.

In addition, allegations contained in the plaintiff's cause of action to recover damages for fraud against the defendant Florence Risman do not sufficiently comply with the pleading requirements set forth in CPLR 3016 (b). Bare allegations of fraud without any allegation of the details constituting the wrong are clearly insufficient to sustain such a cause of action (see, Gervasio v Di Napoli, 126 AD2d 514; Lapis Enters. v International Blimpie Corp., 84 AD2d 286, 292).

Finally, because the plaintiff failed to offer any acceptable excuses for her failure to submit the "additional" material in opposition to the original motion, her second motion, although denominated as being for "reargument and renewal", was merely for reargument (see, Wodecki v Carty, 167 AD2d 398; Caffee v Arnold, 104 AD2d 352). The denial of a motion for reargument is not appealable. Mangano, P. J., Bracken, Pizzuto and Hart, JJ., concur.