■ AVR ACQUISITION CORP., Respondent, v SCHORR BROTHERS DEVELOPMENT CORP. et al., Appellants, et al., Defendants. [705 NYS2d 266] —In an action, *inter alia,* to foreclose certain mortgages, (1) the defendants Schorr Brothers Development Corp., Theodore Schorr, Seymour Schorr, and Harold Schorr appeal from so much of an order of the Supreme Court, Queens County (Golar, J.), dated August 19, 1998, as granted that branch of the plaintiff's motion which was for partial summary judgment on the issue of liability as against Theodore Schorr, Seymour Schorr, and Harold Schorr, and denied the cross motion of those same individual defendants for summary judgment dismissing the complaint insofar as asserted against them, and (2) the defendants Theodore Schorr, Seymour Schorr, and Harold Schorr appeal from a judgment of the same court, dated November 22, 1999, which is in favor of the plaintiff and against them in the principal sum of $10,000,000.

Ordered that the appeals from the order are dismissed; and it is further,

Ordered that the judgment is modified by adding thereto a provision that the complaint is conformed to the proof adduced at trial; as so modified, the judgment is affirmed; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The appeal by the defendant Schorr Brothers Development Corp. from the intermediate order must dismissed as it was not aggrieved by the portion of the intermediate order appealed from (*see,* CPLR 5511). The appeal by the defendants Theodore Schorr, Seymour Schorr, and Harold Schorr from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal by those individual defendants from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

Under the circumstances of this case, RPAPL 1301 does not bar the plaintiff from recovering a money judgment based on individual guarantees executed by the defendants Theodore Schorr, Seymour Schorr, and Harold Schorr (hereinafter the Schorr defendants) (*see,* RPAPL 1301; *see also, Valley Sav. Bank v Rose,* 228 AD2d 666). However, since the cause of action against the Schorr defendants sought a deficiency judgment and the plaintiff failed to move to amend the complaint, we conform the pleadings to the proof to assert a cause of action seeking a money judgment based on the guarantees (*see,* CPLR 3025 [c]; *Diemer v Diemer,* 8 NY2d 206; *Merritt v Village of Mamaroneck,* 233 AD2d 303; *Harbor Assocs. v Asheroff,* 35 AD2d 667; *Wilco Constr. Corp. v Prywes,* 14 AD2d 929). Sullivan, J. P., Krausman, McGinity and H. Miller, JJ., concur.