■ RAUL GARCIA et al., Appellants, v PETER PEPE, JR., et al., Defendants, and JWS TECHNOLOGIES, Respondent. [783 NYS2d 406]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Knipel, J.), dated April 15, 2003, as, upon reargument, adhered to its original determination in an order dated September 12, 2002, granting the cross motion of the defendant JWS Technologies for summary judgment, and denied that branch of their motion which was for leave to renew.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendant JWS Technologies (hereinafter JWS) submitted prima facie evidence that its alleged negligence concerning leaked gas from canisters was not a substantial cause of the subject accident (*see Cruz v City of New York*, 6 AD3d 644 [2004]). To raise an issue of fact concerning proximate cause, a plaintiff must demonstrate that the defendant's negligence was a substantial cause of the events which produced the injury (*see Maheshwari v City of New York*, 2 NY3d 288 [2004]). The plaintiffs failed to submit any evidence that the alleged negligence of JWS was a substantial cause of the accident. Moreover, concerning the plaintiffs' claim of spoliation of evidence, they failed to make a prima facie showing that JWS willfully or negligently lost key evidence (*see Birch Hill Farm v Reed*, 272 AD2d 282 [2000]). Finally, that branch of the plaintiffs' motion which was for leave to renew was properly denied, since they did not offer a reasonable justification as to why they did not submit an expert's affidavit in their original motion for summary judgment (*see Daria v Beacon Capital Co.*, 299 AD2d 312 [2002]), and they did not demonstrate that the remainder of their evidence would alter the determination of the Supreme Court (*see* CPLR 2221; *Greene v New York City Hous. Auth.*,

283 AD2d 458 [2001]). Santucci, J.P., Adams, Mastro and Spolzino, JJ., concur.