(December 20, 2004)

■ THOMAS M. ADAMO, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 100496.) [786 NYS2d 320]—

In a claim to recover damages for personal injuries, the claimant appeals from an order of the Court of Claims (Mignano, J.), dated December 10, 2003, which denied his motion to vacate an order of the same court dated August 1, 2003, dismissing the claim.

Ordered that the order is reversed, on the law and as a matter of discretion, with costs, the motion is granted, the order dated August 1, 2003, is vacated, the claim is reinstated, and the matter is remitted to the Court of Claims for further proceedings in accordance herewith.

CPLR 321 (c) "does not come into play unless the attorney's disability effectually prevents him or her from practicing law" (*Winney v County of Saratoga,* 252 AD2d 882, 883 [1998]). Thus, the statement of the claimant's attorney in his affirmation that his practice was "scaled down," but not suspended, and that his office had been "relocated," but not closed, precluded reliance upon CPLR 321 (c). Nevertheless, the attorney's assertion that he did not receive notice of the pretrial conference presented a reasonable excuse for his failure to appear (*see Krebs v Cabrera,* 250 AD2d 736, 737 [1998]). Since the claimant demonstrated the merits of his claim and moved promptly to vacate his default, the Court of Claims improvidently exercised its discretion in denying the motion (*see Burns v Casale,* 276 AD2d 734 [2000]). Florio, J.P., Goldstein, Adams, Rivera and Spolzino, JJ., concur.