■ Newburgh Winnelson Company, Respondent, v Baisch Mechanical, Inc., et al., Defendants, and Baisch, Inc., Appellant. [817 NYS2d 359]—

In an action, inter alia, to recover for goods had and received, the defendant Baisch, Inc., appeals (1) as limited by its brief, from so much of an order of the Supreme Court, Orange County (Peter C. Patsalos, J.), dated February 25, 2005, as denied its cross motion for summary judgment on the ground that it did not properly denominate the cross motion as one for renewal or reargument, (2) as limited by its brief, from so much of an order of the same court dated April 20, 2005, as, in effect, denied its motion to vacate (a) its default in appearing at a status conference held February 28, 2005, and (b) the granting of the plaintiff's application to strike its answer, and (3) from a judgment of the same court entered July 29, 2005, which struck its answer and is in favor of the plaintiff and against it in the principal sum of $141,310.03.

Ordered that the appeals from the orders are dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the motion and cross motion of the defendant Baisch, Inc., are granted, the answer of the defendant Baisch, Inc., is reinstated, the complaint is dismissed insofar as asserted against the defendant Baisch, Inc., the action against the remaining defendants is severed, and the orders are modified accordingly; and it is further,

Ordered that one bill of costs is awarded to the defendant Baisch, Inc.

The appeals from the intermediate orders must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeals from the

orders are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

Contrary to the Supreme Court's determination, the cross motion of the defendant Baisch, Inc. (hereinafter Baisch), for summary judgment should have been granted. This was a second motion for summary judgment, based upon evidence and theories developed during discovery, and not a motion for leave to renew or reargue its prior motion. Accordingly it was properly made and should not have been denied, as it was, by the Supreme Court for failing to comply with CPLR 2221 (*see Matter of Mega Personal Lines, Inc. v Halton*, 9 AD3d 553 [2004]; *McNeil v Wagner Coll.*, 246 AD2d 516 [1998]; *La Freniere v Capital Dist. Transp. Auth.*, 105 AD2d 517 [1984]; *see also Adamo v State of New York*, 13 AD3d 472 [2004]).

On the merits, Baisch was entitled to summary judgment. Substantively, the complaint alleged causes of action sounding in a failure to pay for goods had and received, and for an account stated. The plaintiff's witness admitted that the plaintiff had not sold any goods to Baisch, nor had it submitted any invoices and/or statements to Baisch. This was sufficient to make out Baisch's prima facie case for summary judgment dismissing the complaint insofar as asserted against it. In response, the plaintiff failed to raise a triable issue of fact (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). While the complaint also seeks an award of an attorney's fee per an agreement, it is clear that the plaintiff abandoned this cause of action and that no such agreement existed.

While the parties have also raised and argued the issue of whether or not Baisch is liable as a guarantor of the debt of the codefendants, the pleadings do not allege a cause of action based on a guarantee and there has been no motion to amend the pleadings to conform to the proof. Under the circumstances of this case, we decline to exercise our authority to, sua sponte, amend the pleadings to conform them to the proof (*cf. AVR Acquisition Corp. v Schorr Bros. Dev. Corp.*, 270 AD2d 372 [2000]).

We note that counsel for Baisch made a sufficient showing that he was unaware of the pretrial conference on February 28, 2005, so as to excuse his failure to attend it (*see Adamo v State of New York*, 13 AD3d 472 [2004]). Thus, the motion to vacate both Baisch's default in appearing and the striking of its answer should have been granted.

In light of this determination, we need not reach the parties' remaining contentions. Florio, J.P., Adams, Santucci and Lunn, JJ., concur.