◼ RALPH VOLLARO et al., Appellants, v JOHN F. BEVILACQUA, Respondent. [823 NYS2d 204]—

In an action, inter alia, to recover damages for breach of contract, the plaintiffs appeal from an order of the Supreme Court, Kings County (Ruchelsman, J.), dated September 15, 2005, which granted the defendant's motion for leave to reargue his prior motion to vacate his default in appearing at trial, which was determined by order of the same court dated June 15, 2005, and upon reargument, granted the defendant's motion to vacate his default.

Ordered that the order is affirmed, without costs or disbursements.

In an order dated December 16, 2004, the Supreme Court granted a motion by former counsel for the defendant to withdraw from the case, and adjourned the trial date to January 27, 2005, to allow the defendant to obtain new counsel (*see* CPLR 321 [b]). The defendant's assertion that he did not receive notice of the scheduled date of trial on January 27, 2005, constituted a valid and reasonable excuse for his failure to appear on that trial date (*see Simmons v Pantoja*, 306 AD2d 399, 400 [2003]; *Lohmann v Castleton Gallery*, 252 AD2d 482, 483 [1998]; *Krebs v Cabrera*, 250 AD2d 736, 737 [1998]). Contrary to the plaintiffs' contention, notice of the new trial date to former counsel did not constitute notice to the defendant since former counsel was no longer representing the defendant (*cf. Candeloro v Candeloro*, 133 AD2d 731, 732 [1987]). Furthermore, the defendant promptly obtained new counsel and moved to vacate his default. The default was not intentional or the result of bad faith (*see Simmons v Pantoja, supra; Krebs v Cabrera, supra; Goldstein v Mazza*, 88 AD2d 987 [1982]). In addition, the defendant's verified answer and affidavit set forth allegations sufficient to make out a prima facie showing of a meritorious defense (*see* CPLR 105 [u]; *65 N. 8 St. HDFC v Suarez*, 18 AD3d 732, 733 [2005]; *Lichtman v Sears, Roebuck & Co.*, 236 AD2d

373 [1997]; *Richard Kranis, P.C. v European Am. Bank*, 208 AD2d 904, 905 [1994]).

Accordingly, the Supreme Court providently exercised its discretion in granting the defendant's motion for leave to reargue and, upon reargument, in granting the defendant's motion to vacate his default in appearing at trial on January 27, 2005. Florio, J.P., Crane, Luciano, Spolzino and Covello, JJ., concur.