■ Sharon Birky, Appellant, v Teddy Katsilogiannis et al., Respondents. [830 NYS2d 753]—

In an action to recover damages for personal injuries, the plaintiff appeals (1) from an order of the Supreme Court, Queens County (Agate, J.), dated April 5, 2006, which granted the defendants' motion to vacate a clerk's judgment dated November 18, 2005, and entered upon their default in appearing at trial and inquest, which was in her favor and against them in the principal sum of $500,000, and to restore the action to the trial calendar, and (2), as limited by her brief, from so much of an order of the same court dated May 22, 2006 as denied that branch of her motion which was for leave to renew the motion to vacate.

Ordered that the order dated April 5, 2006 is affirmed; and it is further,

Ordered that the order dated May 22, 2006 is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendants.

In an order dated April 2, 2004, the Supreme Court granted a

motion by the defendants' then-attorney to withdraw as counsel to the defendants (*see* CPLR 321 [b] [2]). It was improper for the Supreme Court to grant the motion of the defendants' former counsel to withdraw, since the motion had been made without notice to the defendants (*see Matter of Kindra B.*, 296 AD2d 456 [2002]; *Matter of Williams v Lewis*, 258 AD2d 974 [1999]; *LeMin v Central Suffolk Hosp.*, 169 AD2d 821 [1991]). Thereafter, the case was placed on the trial calendar and scheduled for trial on March 21, 2005. The defendants' assertion that they never received notice of the trial date constituted a valid and reasonable excuse for their failure to appear on March 21, 2005 (*see Vollaro v Bevilacqua*, 33 AD3d 910 [2006]; *Adamo v State of New York*, 13 AD3d 472 [2004]; *Krebs v Cabrera*, 250 AD2d 736 [1998]; *Domlin Hair Design v La Duca*, 134 AD2d 403 [1987]). Under the circumstances, the defendants' further default in appearing at the inquest of June 3, 2005 was properly excused. Moreover, the defendants made a prima facie showing of a potentially meritorious defense (*see Vollaro v Bevilacqua*, 33 AD3d 910 [2006], *supra*; *65 N. 8 St. HDFC v Suarez*, 18 AD3d 732 [2005]; *Lichtman v Sears, Roebuck & Co.*, 236 AD2d 373 [1997]). Accordingly, the Supreme Court providently exercised its discretion in granting the defendants' motion to vacate the default judgment (*see* CPLR 5015 [a] [1]).

Furthermore, the Supreme Court providently exercised its discretion in denying that branch of the plaintiff's motion which was for leave to renew since the plaintiff failed to demonstrate that the new facts presented on the motion for leave to renew would change the prior determination (*see* CPLR 2221 [e] [2]; *Orlando v City of New York*, 21 AD3d 357 [2005]; *Garcia v Pepe*, 11 AD3d 654 [2004]). Rivera, J.P., Spolzino, Fisher, Lifson and Dickerson, JJ., concur.