■ Fleet Mechanical Service Corp., Respondent, v Romaz Properties, Ltd., Appellant. [864 NYS2d 168]—In an action to recover damages for breach of contract, the defendant appeals from an order of the Supreme Court, Queens County (Schulman, J.), dated November 1, 2007, which denied its motion to vacate its default in appearing for trial.

Ordered that the order is affirmed, with costs.

In a prior order, the Supreme Court vacated a previous default judgment entered against the defendant, and restored the matter to the trial calendar. The defendant then failed to appear for trial. To vacate its default in appearing for trial, the defendant "was required to demonstrate both a reasonable excuse for the default and [the existence of] a meritorious defense" (*McClaren v Bell Atl.,* 30 AD3d 569, 569 [2006]; *see Kein v Zeno,* 23 AD3d 351 [2005]; *Rubenbauer v Mekelburg,* 22 AD3d 826 [2005]). Although a court has the discretion to accept law office failure as

a reasonable excuse (*see* CPLR 2005), the Supreme Court providently exercised its discretion in rejecting the defendant's uncorroborated and unsubstantiated excuse of law office failure (*see McClaren v Bell Atl.,* 30 AD3d 569 [2006]; *Solomon v Ramlall,* 18 AD3d 461 [2005]). Moreover, the defendant made no showing that it had a meritorious defense to the action. Fisher, J.P., Lifson, Covello, Balkin and Belen, JJ., concur.