■ SMITHTOWN HEALTH CARE FACILITY, Appellant, v JOHN McCORMACK, Respondent. [894 NYS2d 768]—

In an action for an accounting, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Baisley, Jr., J.), dated March 4, 2009, which granted the defendant's motion, in effect, to preclude it from amending its complaint to add a cause of action to recover damages for fraud and/or fraudulent transfer of property.

Ordered that the order is affirmed, with costs.

The Supreme Court providently exercised its discretion in limiting the plaintiff's proof at trial to the only cause of action which it pleaded in its complaint, to wit, an accounting, and in excluding any evidence relating to an alleged fraudulent transfer. The complaint failed to adequately plead or otherwise apprise the defendant of any claim based upon fraud and/or fraudulent transfer (*see* CPLR 3016 [b]; *see also* Debtor and Creditor Law §§ 275, 276; *Michaelson v Scaduto*, 205 AD2d 507 [1994]). Moreover, the plaintiff never moved for leave to amend its complaint and thus, to have, in effect, permitted such an amendment on the eve of trial would have unduly prejudiced the defendant (*see generally Comsewogue Union Free School Dist. v Allied-Trent Roofing Sys., Inc.*, 15 AD3d 523 [2005]; *Sewkarran v DeBellis*, 11 AD3d 445 [2004]; *cf., Weinstock v Handler*, 254 AD2d 165 [1998]). Accordingly, the defendant's motion was properly granted.

The plaintiff's remaining contentions are without merit. Santucci, J.P., Dickerson, Chambers and Sgroi, JJ., concur.