■ Jaime Roldan et al., Plaintiffs, v Astoria Generating Company, L.P., et al., Respondents, and Consolidated Edison Company of New York, Inc., Appellant. [935 NYS2d 625]—

In 1999 the defendant Consolidated Edison Company of New York, Inc. (hereinafter Con Edison), sold a generating plant to the defendant Astoria Generating Company, L.P. (hereinafter Astoria), of which the defendant Orion Power Holdings, Inc. (hereinafter Orion), is the parent company. The plaintiff Jaime Roldan (hereinafter the plaintiff) was an employee of Con Edison who continued to work at the plant after the sale and became an employee of the new owner. In 2000 the plaintiff was injured on a portion of the property which had been retained by Con Edison, and thereafter commenced this negligence action.

Con Edison included in its answer a cross claim against Astoria and Orion for contractual indemnification. The Supreme Court granted that branch of Astoria and Orion's motion which was for summary judgment dismissing that cross claim, and the plaintiff's case proceeded to trial.

The trial court properly rejected Con Edison's arguments at trial that Astoria and Orion must indemnify it pursuant to Section 2.02 of a contract between Con Edison and Astoria, dated March 2, 1999, and entitled "Astoria Continuing Site Agreement." The argument was rejected in connection with Astoria and Orion's summary judgment motion prior to trial, and that determination became the law of the case (see *Martin v City of Cohoes*, 37 NY2d 162, 165 [1975]; *RPG Consulting, Inc. v Zormati*, 82 AD3d 739, 740 [2011]). Moreover, the appeal from the judgment brings up for review the order granting that branch of Astoria and Orion's motion which was for summary judgment dismissing Con Edison's cross claim for contractual indemnification (see CPLR 5501 [a] [1]). We conclude that the Supreme Court correctly granted that branch of Astoria and Orion's motion.

The trial court also properly rejected Con Edison's argument during trial that Astoria and Orion must indemnify it pursuant to Article X of a contract between Con Edison and Astoria, also dated March 2, 1999, and entitled "Generating Plant and Gas Turbine Asset Purchase and Sale Agreement." Con Edison of-

fered no justification whatsoever for the failure to present facts concerning the existence and contents of that agreement in connection with or opposition to Astoria and Orion's summary judgment motion prior to trial (*see* CPLR 2221 [e] [2], [3]; *Worrell v Parkway Estates, LLC*, 43 AD3d 436, 437 [2007]).

The parties' remaining contentions either are without merit or need not be reached in light of our determination. Angiolillo, J.P., Dickerson, Leventhal and Hall, JJ., concur.