In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Siegal, J.), entered May 10, 2012, which denied her motion to vacate an order of the same court entered June 7, 2011, granting, upon the plaintiffs failure to oppose the motion, the defendant’s motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.
*610 Ordered that the order entered May 10, 2012, is reversed, on the law and in the exercise of discretion, with costs, the plaintiffs motion to vacate the order entered June 7, 2011, is granted, the order entered June 7, 2011, is vacated, and the defendant’s motion for summary judgment dismissing the complaint is denied.
On December 5, 2008, the plaintiff was involved in an automobile accident when her vehicle and a vehicle driven by the defendant collided. In February 2009, the plaintiff commenced this action to recover damages for personal injuries. In her bill of particulars, she alleged, inter alia, injuries to the cervical and lumbar regions of her spine.
By notice of motion dated November 22, 2010, the defendant moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident. In support of the motion, the defendant submitted, inter alia, the affirmed report of an orthopedic surgeon who examined the plaintiff on August 16, 2010, and found limitations of range of motion of up to 25%, which he stated were the result of cervical disc herniations which predated the accident.
In an order entered June 7, 2011, the Supreme Court granted the defendant’s motion for summary judgment dismissing the complaint, on the ground that the plaintiff did not oppose it. Thereafter, the plaintiff moved to vacate the order awarding summary judgment to the defendant upon her default. In support of the motion, the plaintiffs counsel claimed that the delay was the result of the failure of the plaintiffs treating neurologist, Dr. Slavina Gardella, to provide a statement of the plaintiffs injuries, causing several adjournments. After a representative of Gardella told the plaintiffs counsel that a report would be provided, the motion was adjourned until May 11, 2011, but Gardella never provided a report. On May 11, 2011, the plaintiffs counsel was engaged in jury selection for another case, and was unable to obtain a signed affirmation from Gardella. The defendant’s motion ultimately was granted upon the plaintiffs default.
With respect to the merits, the plaintiff submitted an affidavit of her chiropractor, Dr. Jennifer Thompson. Thompson first treated the plaintiff on December 9, 2008 — four days after the accident — and found limitations of range of motion of the cervical region of her spine of up to 56%. Based upon a recent examination, limitations of range of motion of the cervical and lumbar regions of the spine of up to 67% were present. The *611 plaintiff further submitted an affirmation from Gardella, who diagnosed the plaintiff as suffering from cervical disc herniations and lumbar disc bulges caused by the accident, but did not submit the results of any range of motion testing.
In the order appealed from, entered May 10, 2012, the Supreme Court denied the plaintiffs motion to vacate the order entered upon her default, finding that the plaintiff failed to demonstrate a reasonable excuse for the failure to respond to the motion, or a potentially meritorious defense to the defendant’s motion.
Contrary to the defendant’s contention, the Supreme Court had the discretion to excuse the plaintiffs default on the ground of law office failure, since the plaintiffs counsel did not exhibit a pattern of willful neglect. Rather, it appears that the delay was attributable to the plaintiff’s treating physician, who promised to provide the requested information by a specified date, and then failed to do so. Ultimately, the plaintiff was compelled to base much of her opposition to the motion for summary judgment upon the affidavit of her treating chiropractor, Thompson.
We further note that the plaintiff established a potentially meritorious defense to the defendant’s motion for summary judgment. Accordingly, the Supreme Court should have granted the plaintiffs motion to vacate the order awarding summary judgment to the defendant upon her default. On the merits of the summary judgment motion, the defendant failed to establish her entitlement to judgment as a matter of law, since her orthopedic surgeon found limitations of range of motion of the cervical region of the plaintiffs spine, and failed to state the basis for his conclusion that the plaintiffs cervical disc herniations predated the accident (see Jilani v Palmer, 83 AD3d 786, 787 [2011]).
Accordingly, the Supreme Court should have granted the plaintiffs motion to vacate the order entered June 7, 2011, and thereupon should have denied the defendant’s motion for summary judgment. Skelos, J.R, Chambers, Sgroi and Hinds-Radix, JJ., concur.