*976 In an action, inter alia, to set aside a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Lebowitz, J.), entered July 14, 2010, which granted that branch of the motion of the defendants Greenpoint Mortgage Funding, Inc., and Mortgage Electronic Registration Systems, Inc. (MERS), which was to vacate an order of the same court dated February 24, 2010, striking their answer upon their failure to appear for trial and setting the matter down for an inquest, and to restore the action to the trial calendar, and denied her cross motion to vacate a so-ordered stipulation dated January 20, 2010.
Ordered that the order entered July 14, 2010, is affirmed, with costs.
To vacate the order striking their answer upon their failure to appear for trial, the defendants Greenpoint Funding, Inc., and Mortgage Electronic Registration Systems, Inc. (MERS) (hereinafter together the respondents), were required to demonstrate both a reasonable excuse for their default and the existence of a potentially meritorious defense to the action (see 9 Bros. Bldg. Supply Corp. v Buonamicia, 106 AD3d 968 [2013]; Fleet Mech. Serv. Corp. v Romaz Props., Ltd., 54 AD3d 995 [2008]; Gazetten Contr, Inc. v HCO, Inc., 45 AD3d 530 [2007]). “The determination of what constitutes a reasonable excuse for a default lies within the sound discretion of the Supreme Court” (Eastern Sav. Bank, FSB v Charles, 103 AD3d 683, 684 [2013]; see 9 Bros. Bldg. Supply Corp. v Buonamicia, 106 AD3d at 969).
The Supreme Court properly granted that branch of the respondents’ motion which was to vacate their default and restore the action to the trial calendar. The respondents established both a reasonable excuse for their failure to appear for trial (see D & W Constr. v Israel, 54 AD3d 889 [2008]; Birky v Katsilogiannis, 37 AD3d 631, 632 [2007]; Adamo v State of New York, 13 AD3d 472 [2004]; Mita v Bianchi, 286 AD2d 376 [2001]), and the existence of a potentially meritorious defense to the action. Moreover, there was no showing by the plaintiff that the respondents’ failure to appear was willful, or that the plaintiff was prejudiced by the default (see Toll Bros., Inc. v Dorsch, 91 AD3d 755, 756 [2012]).
The plaintiffs remaining contention is without merit.
Mastro, J.E, Roman, Hinds-Radix and LaSalle, JJ., concur.