THALLE INDUSTRIES, INC., Plaintiff, v MICHELLE THORPE HOLUBAR, Respondent, and VILLAGE CONSTRUCTION COMPANY, INC., Appellant, et al., Defendant. [993 NYS2d 366]—

In an action to foreclose a mechanic's lien, the defendant Village Construction Company, Inc., appeals from (1) an order of the Supreme Court, Putnam County (Nicolai, J.), dated July 3, 2012, which granted the motion of the defendant Michelle Thorpe Holubar, inter alia, to vacate a judgment of foreclosure and sale of the same court entered June 1, 2011, upon her failure to oppose the motion of the defendant Village Construction Company, Inc., for summary judgment on its cross claim to foreclose a mechanic's lien, and (2) an order of the same court dated December 18, 2012, which denied its motion for leave to amend its answer to include cross claims against the defendant Michelle Thorpe Holubar to recover damages for breach of contract, unjust enrichment, and in quantum meruit.

Ordered that the orders are affirmed, with one bill of costs.

To vacate the judgment of foreclosure and sale entered upon her failure to oppose the motion of the defendant Village Construction Company, Inc. (hereinafter VCC), for summary judgment on its cross claim to foreclose a mechanic's lien, the defendant Michelle Thorpe Holubar (hereinafter the respondent) was required to demonstrate a reasonable excuse for her default in opposing the motion and a potentially meritorious opposition to the motion (*see Bardes v Pintado*, 115 AD3d 894, 895 [2014]; *Dokaj v Ruxton Tower Ltd. Partnership*, 91 AD3d 812, 813 [2012]; *NY SMS Waterproofing, Inc. v Congregation Machne Chaim, Inc.*, 81 AD3d 617, 617-618 [2011]). Here, because the respondent demonstrated a reasonable excuse for her failure to oppose VCC's summary judgment motion and a potentially meritorious opposition to that motion, the Supreme Court properly granted the respondent's motion to vacate the judgment of foreclosure and sale.

"In the absence of prejudice or surprise to the opposing party, leave to amend a pleading should be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit" (*Marcum, LLP v Silva*, 117 AD3d 917, 917 [2014]; *see* CPLR 3025 [b]; *Bernardi v Spyratos*, 79 AD3d 684, 688 [2010]; *Lucido v Mancuso*, 49 AD3d 220 [2008]). "A determination whether to grant such leave is within the Supreme Court's broad discretion, and the exercise of that discretion will not be lightly disturbed" (*Courtview Owners Corp. v Courtview Holding B.V.*, 113 AD3d 722, 723 [2014] [internal quotation marks omitted]; *see Bank of Smithtown v 219 Sagg Main, LLC*, 107 AD3d 654, 655 [2013]; *Greco v Christoffersen*, 70 AD3d 769, 770 [2010]). Under the circumstances of this case, including the prejudice to the respondent, the Supreme Court providently exercised its discretion in denying VCC's motion for leave to amend its answer to include cross claims against the respondent to recover damages for breach of contract, unjust enrichment, and in quantum meruit. Dillon, J.P., Dickerson, Cohen and Duffy, JJ., concur.