■ J & J ALARCON REALTY CORP., Respondents, v PLANTAINS RESTAURANT, INC., Doing Business as GREEN PLANTAINS, et al., Defendants, and JIMMY NGUYEN et al., Appellants. [999 NYS2d 462]—

In an action, inter alia, to recover damages for breach of a commercial lease, the defendants Jimmy Nguyen and Kim Nguyen appeal from a judgment of the Supreme Court, Queens County (Siegal, J.), entered January 22, 2013, which, upon an order of the same court entered June 14, 2012, denying their motion, denominated as one for leave to renew, but which was, in actuality, to vacate a prior order of the same court dated August 23, 2011, granting the plaintiffs' motion for summary judgment on the complaint insofar as asserted against them upon their failure to oppose that motion, and thereuon to deny

the plaintiffs' motion for summary judgment on the complaint insofar as asserted against them, is in favor of the plaintiffs and against them in the total sum of $238,679.94.

Ordered that the judgment is reversed, on the law and in the exercise of discretion, with costs, and the motion of the defendants Jimmy Nguyen and Kim Nguyen, denominated as one for leave to renew, but which was, in actuality, to vacate the order dated August 23, 2011, and thereupon deny the plaintiffs' motion for summary judgment on the complaint insofar as asserted against them, is granted, and the order entered June 14, 2012, is modified accordingly.

The plaintiffs commenced this action, inter alia, to recover damages for breach of a commercial lease. The plaintiffs moved for summary judgment on the complaint insofar as asserted against the defendants Jimmy Nguyen and Kim Nguyen (hereinafter together the Nguyens). The Nguyens defaulted in opposing the plaintiffs' motion and, in an order dated August 23, 2011, the Supreme Court granted the plaintiffs' motion for summary judgment upon the Nguyens' default.

The Nguyens subsequently made a motion, denominated as one for leave to renew, but which was, in actuality, to vacate the order dated August 23, 2011, and thereupon deny the plaintiffs' motion for summary judgment. In an order entered June 14, 2012, the Supreme Court denied the Nguyens' motion. The court thereafter entered judgment in favor of the plaintiffs and against the Nguyens in the total sum of $238,679.94. The Nguyens appeal from the judgment.

The appeal from the judgment brings up for review the order entered June 14, 2012 (*see* CPLR 5501 [a] [1]; *Roldan v Astoria Generating Co., L.P.*, 90 AD3d 1014, 1015 [2011]). We conclude that the Supreme Court erred in denying the Nguyens' motion, and that the judgment must therefore be reversed.

"A party seeking to vacate an order entered upon his or her failure to oppose a motion is required to demonstrate, through the submission of supporting facts in evidentiary form, both a reasonable excuse for the default and the existence of a potentially meritorious opposition to the motion" (*Bhuiyan v New York City Health & Hosps. Corp.*, 120 AD3d 1284, 1284 [2014]; *see* CPLR 5015 [a] [1]; *Santos v Penske Truck Leasing Co.*, 105 AD3d 1029, 1029 [2013]). "It is settled that the decision to relieve a party from its default rests in the sound discretion of the motion court" (*Holt Constr. Corp. v J & R Music World*, 294 AD2d 540, 540 [2002]).

The Supreme Court improvidently exercised its discretion in denying that branch of the Nguyens' motion which was to vacate

the order dated August 23, 2011, made upon their default. The Nguyens demonstrated a reasonable excuse for their failure to oppose the plaintiffs' summary judgment motion and a potentially meritorious opposition to that motion (*see* CPLR 5015 [a] [1]; *Thalle Indus., Inc. v Holubar*, 121 AD3d 671 [2014]; *Santos v Penske Truck Leasing Co.*, 105 AD3d at 1029).

Since the Supreme Court should have granted that branch of the Nguyens' motion which was to vacate the order dated August 23, 2011, it should have considered the merits of their opposition to the plaintiffs' summary judgment motion, and denied that summary judgment motion. In this regard, although the plaintiffs established, prima facie, their entitlement to judgment as a matter of law on the complaint insofar as asserted against the Nguyens through the submissions made in connection with their summary judgment motion (*see Commissioners of State Ins. Fund v Staulcup*, 95 AD3d 1259 [2012]), the submissions tendered by the Nguyens in support of their motion to vacate were sufficient to raise triable issues of fact as to whether they may be held personally liable on the subject lease so as to warrant the denial of the plaintiffs' summary judgment motion (*see Sunquest Enters., Inc. v Zar*, 115 AD3d 486 [2014]; *Commissioners of State Ins. Fund v Staulcup*, 95 AD3d at 1261; *Spring Val. Improvements, LLC v Abajian*, 40 AD3d 619 [2007]; *cf. Clinton Invs. Co., II v Watkins*, 146 AD2d 861 [1989]; *Brandes Meat Corp. v Cromer*, 146 AD2d 666 [1989]; *Imero Fiorentino Assoc. v Green*, 85 AD2d 419 [1982]). Accordingly, the Supreme Court, upon vacatur of the order dated August 23, 2011, should have denied the plaintiffs' motion for summary judgment on the complaint insofar as asserted against the Nguyens. Mastro, J.P., Roman, Miller and Maltese, JJ., concur.