■ Irina Galanova, Appellant, v Irina Safir et al., Respondents. [4 NYS3d 538]—

In an action to recover damages for defamation, the plaintiff

appeals from so much of an order of the Supreme Court, Kings County (Bayne, J.), dated April 5, 2013, as denied her motion pursuant to CPLR 3025 (b) for leave to amend the complaint to add a cause of action alleging malicious prosecution.

Ordered that the order is affirmed insofar as appealed from, with costs.

"In the absence of prejudice or surprise to the opposing party, leave to amend a pleading should be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit" (*Marcum, LLP v Silva*, 117 AD3d 917, 917 [2014]; *see* CPLR 3025 [b]; *Bernardi v Spyratos*, 79 AD3d 684, 688 [2010]; *Lucido v Mancuso*, 49 AD3d 220, 227 [2008]). "A determination whether to grant such leave is within the Supreme Court's broad discretion, and the exercise of that discretion will not be lightly disturbed" (*Thalle Indus., Inc. v Holubar*, 121 AD3d 671, 672 [2014] [internal quotation marks omitted]; *see Greco v Christoffersen*, 70 AD3d 769, 770 [2010]).

Here, the proposed cause of action alleging malicious prosecution failed to plead the required element of interference with person or property (*see Engel v CBS, Inc.*, 93 NY2d 195, 205 [1999]; *Muro-Light v Farley*, 95 AD3d 846, 846-847 [2012]; *Greco v Christoffersen*, 70 AD3d at 770). Accordingly, the proposed cause of action alleging malicious prosecution was palpably insufficient, and, therefore, the Supreme Court properly denied the plaintiff's motion for leave to amend the complaint to assert it. Rivera, J.P., Chambers, Miller and Duffy, JJ., concur.