DAVID PUZZO et al., Appellants, v EDWARD AYOUB et al., Respondents. [25 NYS3d 670]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Siegal, J.), entered January 16, 2015, which denied their motion pursuant to CPLR 5015 (a) to vacate an order of the same court entered January 9, 2014, granting the defendants' unopposed motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

To succeed in vacating an order made upon a plaintiff's failure to oppose a motion, the plaintiff is required to demonstrate both a reasonable excuse for the default and a potentially

meritorious opposition to the motion (*see* CPLR 5015 [a] [1]; *Hogan v Schwartz*, 119 AD3d 650, 651 [2014]; *Garcia v Shaw*, 118 AD3d 943 [2014]; *Silva v Honeydew Cab Corp.*, 116 AD3d 691 [2014]).

Here, the plaintiffs sought an adjournment of the defendants' motion for summary judgment dismissing the complaint to give their attorneys time to determine whether an expert affidavit was necessary to oppose the motion. The adjournment was denied. The Supreme Court did not improvidently exercise its discretion in finding that this was not a reasonable excuse for their failure to submit opposition papers on the return date of the motion (*see Newell v Hirsch*, 65 AD3d 1108, 1109 [2009]; *Nowell v NYU Med. Ctr.*, 55 AD3d 573, 574 [2008]; *Chiarello v Alessandro*, 38 AD3d 823, 824 [2007]; *cf. Galgano v Fleckner*, 128 AD3d 769, 770 [2015]). Since the plaintiffs failed to demonstrate a reasonable excuse for their default, it is unnecessary to determine whether they demonstrated the existence of a potentially meritorious opposition to the defendants' motion (*see Wells Fargo Bank, N.A. v Cervini*, 84 AD3d 789, 790 [2011]).

Accordingly, the Supreme Court providently exercised its discretion in denying the plaintiffs' motion to vacate their default in opposing the defendants' motion for summary judgment dismissing the complaint. Balkin, J.P., Chambers, Cohen and Hinds-Radix, JJ., concur.