■ GREG S. POLSKY, Appellant, v AMY SIMON, Respondent. [43 NYS3d 101]—

In an action to recover damages for abuse of process and prima facie tort, the plaintiff appeals from an order of the Supreme Court, Nassau County (Cozzens, Jr., J.), entered September 23, 2015, which denied his motion pursuant to CPLR 5015 (a) (1) to vacate an order of the same court dated June 11, 2015, striking his complaint upon his failure to appear two times at the call of the trial calendar and directing the defendant to proceed to inquest on her counterclaims.

Ordered that the order entered September 23, 2015, is reversed, on the facts and in the exercise of discretion, with costs, and the plaintiff's motion pursuant to CPLR 5015 (a) (1) to vacate the order dated June 11, 2015, is granted.

The plaintiff, who sought to vacate his default in appearing at a call of the trial calendar, was required to demonstrate both a reasonable excuse for the default and a potentially meritorious cause of action and defense to the counterclaims (see CPLR 5015 [a] [1]; 22 NYCRR 202.27 [a]; Foley Inc. v Metropolis Superstructures, Inc., 130 AD3d 680, 680 [2015]; Mazzio v Jennings, 128 AD3d 1032 [2015]). "Whether an excuse is reasonable is a determination within the sound discretion of the Supreme Court" (Walker v Mohammed, 90 AD3d 1034, 1034 [2011]; see GMAC Mtge., LLC v Guccione, 127 AD3d 1136 [2015]).

The Supreme Court improvidently exercised its discretion in finding that the plaintiff did not demonstrate a reasonable excuse for missing the calendar calls on June 11, 2015. The

plaintiff submitted an affirmation of counsel explaining her lateness in missing the second call of the calendar by minutes, thereby providing a reasonable excuse for failing to timely appear (*see Yearwood v Post Park, LLC*, 91 AD3d 766, 767 [2012]; *Matter of Morales v Marma*, 88 AD3d 722, 723 [2011]; *Felsen v Stop & Shop Supermarket Co., LLC*, 83 AD3d 656, 656-657 [2011]; *Orwell Bldg. Corp. v Bessaha*, 5 AD3d 573 [2004]; *Reices v Catholic Med. Ctr. of Brooklyn & Queens*, 306 AD2d 394 [2003]; *Louis v Louis*, 231 AD2d 612, 613 [1996]). The plaintiff also made a prima facie showing of potentially meritorious causes of action and defenses (*see D & W Constr. v Israel*, 54 AD3d 889 [2008]; *Birky v Katsilogiannis*, 37 AD3d 631 [2007]; *Vollaro v Bevilacqua*, 33 AD3d 910 [2006]).

Thus, the Supreme Court should have granted the plaintiff's motion pursuant to CPLR 5015 (a) (1) to vacate the order dated June 11, 2015. Eng, P.J., Austin, Roman and Cohen, JJ., concur.