EMMANUEL PAUL, Appellant, v TARA L. WEATHERWAX et al., Respondents. [45 NYS3d 151]—

In an action to recover damages for personal injuries and injury to property, the plaintiff appeals from an order of the Supreme Court, Rockland County (Garvey, J.), dated July 17, 2015, which denied his motion, in effect, to vacate a prior order of the same court dated April 13, 2015, granting the defendants' unopposed motion for summary judgment dismissing the complaint, and thereupon to deny the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the plaintiff's motion, in effect, to vacate a prior order of the same court dated April 13, 2015, and thereupon, to deny the defendants' motion for summary judgment dismissing the complaint is granted, the order dated April 13, 2015, is vacated, and the defendants' motion for summary judgment dismissing the complaint is denied.

In June 2013 the plaintiff commenced this action to recover damages for personal injuries and injury to property. Thereafter, the defendants moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident, and noticed the motion to be heard on December 5, 2014. On consent, the Supreme Court granted the plaintiff's request to adjourn the return date of the motion to January 16, 2015. On January 15, 2015, the plaintiff's counsel requested a second adjournment claiming

that he needed additional time to obtain the sworn medical reports from the plaintiff's treating doctors and that the recent holiday season had also caused a delay. On consent, the Supreme Court granted the plaintiff's second request to adjourn the return date to February 13, 2015, with the opposition papers to be served on or before February 6, 2015.

On February 11, 2015, the plaintiff served and filed his papers in opposition. By order dated April 13, 2015, the Supreme Court granted, as unopposed, the defendant's motion for summary judgment dismissing the complaint. By notice dated April 30, 2015, the plaintiff moved, in effect, to vacate the order dated April 13, 2015, and thereupon to deny the defendants' motion for summary judgment. In the order appealed from, dated July 17, 2015, the Supreme Court denied the plaintiff's motion.

A party seeking to vacate an order entered upon his or her default in opposing a motion must demonstrate both a reasonable excuse for the default and a potentially meritorious opposition to the motion (see CPLR 5015 [a] [1]; *Credit Bur. of N.Y., Inc. v Rapid Realty 95, Inc.*, 137 AD3d 841, 841 [2016]; *J & J Alarcon Realty Corp. v Plantains Rest., Inc.*, 123 AD3d 886, 887 [2014]; *Bhuiyan v New York City Health & Hosps. Corp.*, 120 AD3d 1284, 1284 [2014]; *Schenk v Staten Is. Univ. Hosp.*, 108 AD3d 661, 662 [2013]). Here, the plaintiff provided a reasonable explanation for his short delay in serving and filing papers in opposition to the defendants' motion for summary judgment dismissing the complaint. The record demonstrates that the plaintiff's counsel experienced difficulty in obtaining an affidavit from the plaintiff's treating chiropractor and an affirmation from the plaintiff's treating radiologist (see *Galgano v Fleckner*, 128 AD3d 769, 770 [2015]; *Hogan v Schwartz*, 119 AD3d 650, 651-652 [2014]; *Wilson v Rotondi*, 109 AD3d 609, 611 [2013]; *Krystofic v Rapisardi*, 112 AD2d 196, 196-197 [1985]). Furthermore, the default was not intentional or the result of bad faith (see *Vollaro v Bevilacqua*, 33 AD3d 910 [2006]), and the plaintiff moved promptly to vacate the order entered upon his default (see *Vollaro v Bevilacqua*, 33 AD3d at 910; *Adamo v State of New York*, 13 AD3d 472, 472 [2004]). Moreover, the plaintiff demonstrated that he had a potentially meritorious opposition to the defendants' motion for summary judgment. Accordingly, the Supreme Court should have granted the plaintiff's motion, in effect, to vacate the order dated April 13, 2015.

Since the Supreme Court should have granted the plaintiff's motion, in effect, to vacate the order dated April 13, 2015, it

should have considered the merits of the plaintiff's opposition to the defendants' motion for summary judgment and, thereupon, denied that motion for summary judgment (*see J & J Alarcon Realty Corp. v Plantains Rest., Inc.,* 123 AD3d at 888; *Santos v Penske Truck Leasing Co.,* 105 AD3d 1029, 1030 [2013]). The defendants failed to make a prima facie showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345 [2002]; *Gaddy v Eyler,* 79 NY2d 955, 956-957 [1992]). In support of their motion, the defendants relied upon, inter alia, the affirmed medical report of Kenneth Austin, the defendants' examining orthopedist. Based upon his examination of the plaintiff on August 5, 2014, Dr. Austin set forth the range-of-motion findings with respect to the cervical and lumbar regions of the plaintiff's spine, but failed to compare those findings to what is normal (*see Starkey v Curry,* 94 AD3d 866, 866 [2012]; *Ambroselli v Team Massapequa, Inc.,* 88 AD3d 927, 928 [2011]; *McKenzie v Redl,* 47 AD3d 775, 776-777 [2008]). Rivera, J.P., Chambers, Roman and LaSalle, JJ., concur.