■ Jin Chengri, Appellant, v Su Yonh Choi, Respondent. [61 NYS3d 115]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Brathwaite Nelson, J.), entered March 31, 2016, which denied his motion pursuant to CPLR 5015 (a) (1) to vacate an order of the same court entered July 10, 2015, granting the defendant's unopposed motion for summary judgment dismissing the complaint.

Ordered that the order entered March 31, 2016, is affirmed, with costs.

In May 2013, the plaintiff commenced this action to recover damages for personal injuries. By notice of motion dated December 10, 2014, the defendant moved for summary judgment dismissing the complaint and noticed the motion to be heard on January 8, 2015. At the calendar call on January 8, 2015, the Supreme Court granted the plaintiff's request to adjourn the return date of the motion to March 5, 2015. On March 5, 2015, the plaintiff's counsel requested a second adjournment, but that request was denied. By order entered July 10, 2015, the court granted, as unopposed, the defendant's motion for summary judgment dismissing the complaint. By notice of motion dated August 14, 2015, the plaintiff moved pursuant to CPLR 5015 (a) (1) to vacate the order entered July 10, 2015. By order entered March 31, 2016, the court denied the plaintiff's motion to vacate the prior order. The plaintiff appeals.

A party seeking to vacate an order entered upon his or her default in opposing a motion must demonstrate both a reasonable excuse for the default and a potentially meritorious opposition to the motion (*see* CPLR 5015 [a] [1]; *Paul v Weatherwax*, 146 AD3d 792, 793 [2017]; *Credit Bur. of N.Y., Inc. v Rapid Realty 95, Inc.*, 137 AD3d 841, 841 [2016]; *J & J Alarcon Realty Corp. v Plantains Rest., Inc.*, 123 AD3d 886, 887 [2014]).

The plaintiff failed to demonstrate a reasonable excuse for his default in opposing the defendant's motion for summary judgment. Under the circumstances of this case, the undetailed and conclusory explanation of the plaintiff's expert for his delay in providing an expert affidavit necessary to oppose the defendant's motion did not constitute a reasonable excuse for the plaintiff's default (*see Servilus v Walcott*, 148 AD3d 743, 744 [2017]; *Puzzo v Ayoub*, 137 AD3d 770, 771 [2016]; *Dobbyn-Blackmore v City of New York*, 123 AD3d 1083, 1084 [2014]; *Marrero v Crystal Nails*, 77 AD3d 798, 799 [2010]; *Brown v Vanchieri*, 64 AD3d 678 [2009]). In any event, the plaintiff failed to demonstrate a potentially meritorious opposition to the defendant's motion for summary judgment (*see Crawford v Smithtown Cent. School Dist.*, 91 AD3d 899, 900 [2012]; *Horn v Hires*, 84 AD3d 1025, 1026 [2011]; *Ortega v Puccia*, 57 AD3d 54, 61 [2008]; *Miguel v SJS Assoc., LLC*, 40 AD3d 942, 944 [2007]).

Accordingly, the Supreme Court providently exercised its discretion in denying the plaintiff's motion to vacate the prior order entered July 10, 2015, upon his default in opposing the defendant's motion for summary judgment. Hall, J.P., Roman, Cohen and Barros, JJ., concur.