Westchester Med. Ctr. v Izzo (2019 NY Slip Op 06116)





Westchester Med. Ctr. v Izzo


2019 NY Slip Op 06116


Decided on August 7, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 7, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2018-11126
 (Index No. 20620/10)

[*1]Westchester Medical Center, appellant, 
v
Charles Izzo, respondent.


Arnold A. Arpino & Associates, P.C., Smithtown, NY, for appellant.
Joseph J. Haspel, Goshen, NY, for respondent.



DECISION & ORDER
In an action to recover payment for medical services rendered, the plaintiff appeals from an order of the Supreme Court, Westchester County (Joan B. Lefkowitz, J.), entered August 1, 2018. The order denied the plaintiff's motion to vacate its default in appearing at a conference and restore the action to the calendar.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action in 2010 to recover payment for medical services allegedly rendered to the defendant in 2008. The action was stayed by the defendant's filing of a Chapter 13 bankruptcy petition in September 2016. By notice dated November 9, 2017, the Supreme Court requested the plaintiff's counsel to provide an update of the status of the stay and provided an email address for the update. The notice further provided that the plaintiff's counsel's appearance was required at a conference on December 18, 2017. The plaintiff's counsel failed to appear for the conference and, on December 18, 2017, the court directed dismissal of the action pursuant to 22 NYCRR 202.27. Six months later, in June 2018, the plaintiff moved to vacate its default and restore the action to the calendar. The defendant opposed the motion. The court denied the plaintiff's motion, determining that the plaintiff's counsel's conclusory assertion that he believed he was not obligated to appear at the conference was insufficient to excuse the default in appearing. The plaintiff appeals.
In order to vacate its default in appearing at the conference, the plaintiff was required to demonstrate both a reasonable excuse for the default and a potentially meritorious cause of action (see CPLR 5015[a][1]; 22 NYCRR 202.27; Polsky v Simon, 145 AD3d 693, 693; Foley Inc. v Metropolis Superstructures, Inc., 130 AD3d 680). Whether an excuse is reasonable is a determination within the sound discretion of the Supreme Court (see GMAC Mtge., LLC v Guccione, 127 AD3d 1136; Walker v Mohammed, 90 AD3d 1034). Here, the plaintiff's counsel offered a conclusory and unsubstantiated allegation that was insufficient to constitute a justifiable excuse for his failure to appear at the conference (see Hanscom v Goldman, 109 AD3d 964, 965). Accordingly, we agree with the Supreme Court's determination to deny the plaintiff's motion to vacate its default and restore the action to the calendar.
The parties' remaining contentions need not be reached in light of our determination.
RIVERA, J.P., HINDS-RADIX, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court