Yacono v United Mgt. Corp. (2020 NY Slip Op 04200)





Yacono v United Mgt. Corp.


2020 NY Slip Op 04200


Decided on July 22, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 22, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
CHERYL E. CHAMBERS
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2018-14153
 (Index No. 1126/17)

[*1]Mary Yacono, respondent, 
v
United Management Corp., et al., appellants.


The Law Offices of Michael Cohen, PLLC, Brooklyn, NY, for appellant.
Mary Yacono, Brooklyn, NY, respondent pro se.



DECISION & ORDER
In an action, inter alia, to recover unpaid property tax abatements, the defendants appeal from an order of the Supreme Court, Kings County (Wavny Toussaint, J.), dated August 15, 2018. The order, insofar as appealed from, denied that branch of the defendants' motion which was for an award of attorney's fees pursuant to the terms of the plaintiff's proprietary lease.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The defendant 2 West End Owners Corp. is a cooperative corporation that owns a residential apartment building which is managed by the defendant United Management Corp. The plaintiff holds a proprietary lease to a unit in the building, and commenced this action pro se, alleging, inter alia, that the defendants owed her certain property tax abatements. The defendants interposed an answer which did not include any counterclaims. Thereafter, the defendants moved, among other things, for summary judgment dismissing the complaint and for an award of attorney's fees pursuant to the terms of the plaintiff's proprietary lease. In an order dated August 15, 2018, the Supreme Court, inter alia, granted that branch of the defendants' motion which was for summary judgment dismissing the complaint, but denied that branch of their motion which sought an award of attorney's fees. The defendants appeal.
Since the defendants did not assert any counterclaims against the plaintiff or otherwise affirmatively seek an award of attorney's fees in their answer, the Supreme Court providently exercised its discretion in declining to award them attorney's fees. Contrary to the defendants' contention, their generalized request for "costs" in the wherefore clause of their answer did not constitute an adequately pleaded claim for attorney's fees (see Caracaus v Conifer Cent. Sq. Assoc., 158 AD3d 63, 72; Vertical Computer Sys., Inc. v Ross Sys., Inc., 59 AD3d 205, 206; cf. Marotta v Blau, 241 AD2d 664, 664-665). Moreover, the defendants never moved for leave to amend their answer or to conform the pleadings to the proof in order to assert such a claim, and under the circumstances of this case, we decline to grant such relief sua sponte (see Smithtown Health Care Facility v McCormack, 70 AD3d 1028, 1028; Newburgh Winnelson Co. v Baisch Mech., Inc., 30 AD3d 495, 496; cf. Cave v Kollar, 2 AD3d 386, 387-388).
The plaintiff's request for certain affirmative relief is not properly before this Court, since the plaintiff did not cross-appeal from the order appealed from (see Hecht v City of New York, [*2]60 NY2d 57, 61; U.S. Bank N.A. v Dickenson, 176 AD3d 891, 892).
MASTRO, J.P., CHAMBERS, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court