U.S. Bank N.A. v 1009 Guyiti, LLC (2020 NY Slip Op 05076)





U.S. Bank N.A. v 1009 Guyiti, LLC


2020 NY Slip Op 05076


Decided on September 23, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JOHN M. LEVENTHAL
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2018-12830
 (Index No. 34341/07)

[*1]U.S. Bank National Association, etc., respondent,
v
1009 Guyiti, LLC, appellant, et al., defendants.


Rozario & Associates, P.C., New York, NY (Rovin R. Rozario of counsel), for appellant.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant 1099 Guyiti, LLC, appeals from a judgment of foreclosure and sale of the Supreme Court, Kings County (Lawrence Knipel, J.), dated May 1, 2018. The judgment of foreclosure and sale, upon an order of the same court dated October 18, 2017, granting the plaintiff's unopposed motion, inter alia, for summary judgment on the complaint insofar as asserted against that defendant and for an order of reference, and upon an order of the same court dated February 14, 2018, denying that defendant's motion pursuant to CPLR 5015(a) to vacate the order dated October 18, 2017, directed the sale of the subject property.
ORDERED that the judgment of foreclosure and sale is affirmed, without costs or disbursements.
The plaintiff commenced this action to foreclose a mortgage. In an order dated October 18, 2017, the Supreme Court, inter alia, granted the plaintiff's unopposed motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendant 1099 Guyiti, LLC (hereinafter the defendant), and for an order of reference. The defendant moved pursuant to CPLR 5015(a) to vacate the order dated October 18, 2017, and, in an order dated February 14, 2018, the Supreme Court denied the defendant's motion. The court determined, in part, that the defendant failed to demonstrate a reasonable excuse for its default in opposing the plaintiff's motion. Thereafter, the court issued a judgment of foreclosure and sale. On its appeal from the judgment of foreclosure and sale, the defendant contends that the court should have granted its motion pursuant to CPLR 5015(a) to vacate the order dated October 18, 2017.
"A party seeking to vacate an order entered upon his or her default in opposing a motion must demonstrate a reasonable excuse for the default and a potentially meritorious opposition to the motion" (Vizelter v Strogov, 170 AD3d 917, 918; see Paul v Weatherwax, 146 AD3d 792, 793). The determination of what constitutes a reasonable excuse lies within the Supreme Court's sound discretion (see Vizelter v Strogov, 170 AD3d at 918).
Here, we agree with the Supreme Court's determination to deny the defendant's motion. The defendant did not demonstrate a reasonable excuse for its default in opposing the plaintiff's motion. Since the defendant failed to demonstrate a reasonable excuse for its default, we need not reach the issue of whether it demonstrated the existence of a potentially meritorious opposition to the plaintiff's motion (see id.; New Century Mtge. Corp. v Chimmiri, 146 AD3d 893, [*2]894).
The defendant's remaining contention is without merit.
CHAMBERS, J.P., LEVENTHAL, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court