■ Ravi Batra et al., Appellants, v Electronic Land Services, Inc., et al., Respondents. [24 NYS3d 912]—In an action to recover damages for breach of contract and fraud, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Connolly, J.), dated October 7, 2013, as denied their motion for leave to enter a default judgment against each of the defendants and granted those branches of the defendants' separate cross motions which were pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against each of them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

The Supreme Court properly denied the plaintiffs' motion for leave to enter a default judgment against each of the defendants. "To successfully oppose a motion for leave to enter a default judgment based on the failure to appear or timely serve an answer, a defendant must demonstrate a reasonable excuse for its default and the existence of a potentially meritorious defense" (*Gershman v Midtown Moving & Stor., Inc.*, 123 AD3d 974, 975 [2014]; *see Cruz v Keter Residence, LLC*, 115 AD3d 700, 700-701 [2014]; *Wassertheil v Elburg, LLC*, 94 AD3d 753, 753 [2012]). Here, in opposition to the plaintiffs' motion, the defendants demonstrated a reasonable excuse for their delays in answering the complaint and the existence of potentially meritorious defenses.

Further, the Supreme Court properly granted those branches of the defendants' separate cross motions which were pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against each of them. The defendants established that documentary evidence, including deeds and a title insurance policy, utterly refuted the plaintiffs' factual allegations, thereby conclusively establishing defenses as a matter of law (*see* CPLR 3211 [a] [1]; *Whitebox Concentrated Convertible Arbitrage Partners, L.P. v Superior Well Servs., Inc.*, 20 NY3d 59, 63 [2012]; *Eisner v Cusumano Constr., Inc.*, 132 AD3d 940, 941 [2015]).

The parties' remaining contentions either are without merit or need not be reached in light of our determination. Leventhal, J.P., Dickerson, Cohen and LaSalle, JJ., concur.