■ ROBERT LEBENSOLD, Respondent, v FRANK MANCUSO, Appellant, et al., Defendant. [51 NYS3d 139]—

Appeal from a judgment of the Supreme Court, Westchester County (Orazio R. Bellantoni, J.), entered May 1, 2014. The

judgment, insofar as appealed from, after a nonjury trial, dismissed the defendants' counterclaims and is in favor of the plaintiff and against the defendant Frank Mancuso in the total sum of $15,000.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

This appeal arises out of a dispute between the plaintiff and the defendant Frank Mancuso, who was the founder of the defendant Lucky Orphans Horse Rescue, Inc., formerly known as Equine Escape Rescue, Ltd. (hereinafter Equine Escape), regarding an agreement entered into between the plaintiff and Mancuso in 2004, which was reduced to a writing on June 10, 2006. The agreement provided that the plaintiff "invested $15,000 with [Mancuso] in a 2003 Dodge model 2500 Pickup Diesel" and, in return, Mancuso agreed to pay the plaintiff 50% of the money "the truck earns." The agreement also provided that if Mancuso "decides to keep the truck and not use it for business, the $15,000 will be returned to [the plaintiff] by [Mancuso]." The agreement also stated that the plaintiff was the owner of a rescue horse, and that the plaintiff had paid the sum of $600 for the horse.

In May 2011, the plaintiff commenced this action against the defendants to recover the sum of $15,600 for breach of the agreement. The plaintiff alleged, among other things, that Mancuso failed to either remit any payments to him representing "50% of the money the truck earns," or return his initial investment of $15,000. In August 2011, the defendants answered the complaint and asserted counterclaims against the plaintiff to recover damages based on theories of quantum meruit and unjust enrichment. The defendants alleged that the plaintiff owed them the sum of $31,850 for the care and boarding of the horse on their premises. In December 2012, the defendants moved for leave to enter a default judgment on their counterclaims against the plaintiff and for summary judgment dismissing the complaint, which was denied. After a nonjury trial, the court entered a judgment dismissing the defendants' counterclaims and awarding the plaintiff the sum of $15,000 against Mancuso. The action was dismissed insofar as asserted against Equine Escape. Mancuso appeals.

The Supreme Court properly denied that branch of the defendants' motion which was for leave to enter a default judgment on their counterclaims against the plaintiff because of the plaintiff's failure to serve a timely answer to their counterclaims (*see Batra v Electronic Land Servs., Inc.*, 136 AD3d 723, 724 [2016]; *Matter of Tsoukas v Tsoukas*, 125 AD3d

872, 876 [2015]). The defendants failed to move for leave to enter a default judgment on their counterclaims within one year, and, in support of their motion, failed to establish a reasonable excuse for their delay in seeking a default judgment on the counterclaims and demonstrate that the counterclaims were potentially meritorious (*see Wells Fargo Bank, N.A. v Chaplin*, 107 AD3d 881, 882 [2013]; *Kohn v Tri-State Hardwoods, Ltd.*, 92 AD3d 642, 642-643 [2012]). In any event, in opposition to the defendants' motion, the plaintiff demonstrated a reasonable excuse for his default and the existence of potentially meritorious defenses.

Further, the Supreme Court properly denied that branch of the defendants' motion which was, in effect, for summary judgment dismissing the complaint since the defendants failed to establish their prima facie entitlement to judgment as a matter of law (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Zuckerman v City of New York*, 49 NY2d 557 [1980]).

"Upon review of a determination rendered after a nonjury trial, this Court's authority is as broad as that of the trial court, and this Court may render the judgment it finds warranted by the facts, taking into account in a close case the fact that the trial judge had the advantage of seeing the witnesses" (*Novair Mech. Corp. v Universal Mgt. & Contr. Corp.*, 81 AD3d 909, 909-910 [2011] [internal quotation marks omitted]; *see Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]; *Kamalian v Community OB/ GYN Assoc., PLLC*, 132 AD3d 814, 814 [2015]). Upon our review of the record, we find that the Supreme Court's determination to dismiss the defendants' counterclaims and award the plaintiff the sum of $15,000 against Mancuso was warranted by the facts. Leventhal, J.P., Sgroi, Hinds-Radix and LaSalle, JJ., concur.