■ Leon Smith et al., Appellants, v George Pataki et al., Respondents. [54 NYS3d 388]—

Order, Supreme Court, New York County (Doris Ling-Cohan, J.), entered June 17, 2015, which denied plaintiffs' motion to vacate an order which, upon plaintiffs' default, granted defendants' motion to dismiss the complaint, unanimously reversed, on the facts, as a matter of discretion in the interest of justice, without costs, plaintiffs' motion granted, and the matter remanded for determination of defendants' motion to dismiss the complaint pursuant to CPLR 3211 (a) (2), (5) and (7).

Plaintiffs represent a putative class of individuals who, while

incarcerated, were determined to be Sexually Violent Predators (SVPs) and were committed to State psychiatric facilities pursuant to the state's "SVP Initiative." Plaintiffs assert a variety of claims stemming from their involuntary commitments, including violation of their federal and state constitutional rights to due process and equal protection, unlawful imprisonment, assault and battery, negligence, and negligent and intentional infliction of emotional distress.

Under the circumstances of this case, it is not appropriate to depart from this State's preference for resolving controversies on the merits. While plaintiffs' excuse for their default is not particularly compelling, it constitutes "good cause" nonetheless (*see Casiano v City of New York*, 245 AD2d 244 [1st Dept 1997]), especially since there is no evidence that defendants were prejudiced by plaintiffs' delay in moving to vacate the default. On the other hand, plaintiffs will be severely prejudiced if vacatur of the order granting the motion to dismiss is denied. Accordingly, under the circumstances of this case, we exercise our broad discretionary power to vacate the order "for sufficient reason and in the interests of substantial justice" (*Woodson v Mendon Leasing Corp.*, 100 NY2d 62, 68 [2003]; *see also Goldman v Cotter*, 10 AD3d 289, 293 [1st Dept 2004]) and we remand this matter to Supreme Court for a determination of defendants' motion on the merits. Concur—Acosta, J.P., Renwick, Mazzarelli, Gische and Gesmer, JJ.