OPINION OF THE COURT Per Curiam. Order, entered May 9, 2016, reversed, with $10 costs, motion granted, and matter remanded for a new trial before another judge. At the trial of these consolidated plenary actions seeking unpaid rent, the court, sua sponte, dismissed the complaints, prior to the close of plaintiff landlord’s case, on the ground that plaintiff failed to produce a certificate of occupancy effective in 2013, when the underlying leases were signed. The court reached this conclusion even though defendants did not assert the lack of a valid certificate of occupancy as a defense in their answers or at trial, and despite plaintiff’s argument that the building was constructed prior to the certificate of occupancy requirement (see Multiple Dwelling Law § 301 [1]). In addition, the court’s oral decision dismissing the matter was never reduced to a written order or judgment. Plaintiff’s subsequent motion, in effect, to vacate the dismissal of the actions should have been granted. The dismissal prior to the close of plaintiff’s case was premature, and deprived plaintiff of the opportunity to present his case and put forth his proof (see Griffin v Clinton Green S., LLC, 98 AD3d 41, 46-47 [2012]); and the rationale for the dismissal, based upon a defense not raised by defendants and to which plaintiff was not given an adequate opportunity to respond, offended traditional notions of fair play (see Misicki v Caradonna, 12 NY3d 511, 519 [2009]). In the circumstances, and given, inter alia, the unorthodox procedure utilized by the trial judge to swear in plaintiff’s witnesses,* we exercise our broad discretionary power to grant plaintiff’s motion “for sufficient reason and in the interests of substantial justice” (Woodson v Mendon Leasing Corp., 100 NY2d 62, 68 [2003]; Smith v Pataki, 150 AD3d 460 [2017]), and remand the matter to Civil Court for a new trial. In doing so, we do not pass upon the merits of the matter. Shulman, J.P., Ling-Cohan and Gonzalez, JJ., concur. After the witness was sworn by the court officer, the trial judge informed the witness: “Let me tell you something before you testify. If I find out that anything you testify to today is wrong, the record will go to the district attorney, do you understand that? If the district attorney chooses to commence criminal actions, that will be up to him.”