Lotz v Westbourne Apts., Inc. (2018 NY Slip Op 01599)





Lotz v Westbourne Apts., Inc.


2018 NY Slip Op 01599


Decided on March 14, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 14, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2015-02074
 (Index No. 64964/12)

[*1]Paul A. Lotz, appellant, 
v
Westbourne Apartments, Inc., et al., respondents, et al., defendant.


Robinowitz Cohlan Dubow & Doherty LLP, White Plains, NY (Bruce Minkoff of counsel), for appellant.
Lori D. Fishman, Tarrytown, NY (George R. Dieter and Bosworth, Gray and Fuller [David Fuller], of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Westchester County (Giacomo, J.), dated February 11, 2015, which denied that branch of his motion which was pursuant to CPLR 5015(a) to vacate an order of the same court dated January 23, 2014, granting the unopposed motion of the defendants Westbourne Apartments, Inc., and Hudson North Management, LLC, for summary judgment dismissing the complaint insofar as asserted against them, and thereupon to deny their motion for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order dated February 11, 2015, is reversed, on the law and in the exercise of discretion, with costs, that branch of the plaintiff's motion which was pursuant to CPLR 5015(a) to vacate the order dated January 23, 2014, and thereupon to deny the motion of the defendants Westbourne Apartments, Inc., and Hudson North Management, LLC, for summary judgment dismissing the complaint insofar as asserted against them is granted, the order dated January 23, 2014, is vacated, and the motion of the defendants Westbourne Apartments, Inc., and Hudson North Management, LLC, for summary judgment dismissing the complaint insofar as asserted against them is denied.
The plaintiff, a shareholder-tenant of the defendant Westbourne Apartments, Inc. (hereinafter the cooperative), commenced this action against, among others, the cooperative and the defendant Hudson North Management, LLC (hereinafter Hudson), the managing agent for the cooperative, seeking, inter alia, damages for breach of contract, negligence, breach of fiduciary duty, and violation of Business Corporation Law § 501(c) arising out of, among other things, a dispute over renovations that he wanted to make to his premises in the cooperative. Thereafter, the cooperative and Hudson (hereinafter together the building defendants) moved for summary judgment dismissing the complaint insofar as asserted against them on the grounds that most of the plaintiff's claims were barred by the statute of limitations and, in any event, all were without merit. The plaintiff did not oppose the motion. In an order dated January 23, 2014 (hereinafter the January 2014 order), the Supreme Court granted the building defendants' unopposed motion for summary judgment dismissing the complaint insofar as asserted against them.
Approximately eight months later, the plaintiff moved pursuant to CPLR 5015(a) to vacate the January 2014 order and thereupon to deny the building defendants' motion for summary judgment dismissing the complaint insofar as asserted against them, and to amend the caption to delete the defendant Karen Tassan Lotz, also known as Karen Tassan (hereinafter the plaintiff's ex-wife), or, in the alternative, pursuant to CPLR 306-b to extend the time to serve the summons and complaint upon her. The Supreme Court denied that branch of the plaintiff's motion which was to vacate the January 2014 order, determining that he failed to provide a reasonable excuse for his delay in filing the motion.
"In order to vacate a default in opposing a motion pursuant to CPLR 5015(a)(1), the moving party is required to demonstrate a reasonable excuse for his or her default and a potentially meritorious opposition to the motion" (Hudson City Sav. Bank v Bomba, 149 AD3d 704, 705, quoting New Century Mtge. Corp. v Chimmiri, 146 AD3d 893, 894; Paul v Weatherwax, 146 AD3d 792, 793).
Here, the Supreme Court improvidently exercised its discretion in denying that branch of the plaintiff's motion which was to vacate the January 2014 order. The plaintiff filed his motion within the one-year time frame contemplated by CPLR 5015(a)(1), and there is no indication that his delay in doing so was willful or part of a pattern of neglect to prosecute the action, or that the building defendants suffered any prejudice as a result (see Smith v Pataki, 150 AD3d 460, 461).
The plaintiff demonstrated a reasonable excuse for his default by submitting an affirmation of his attorney, which set forth a detailed explanation of the law office failure that prevented the plaintiff from timely opposing the building defendants' motion for summary judgment (see CPLR 2005; Flagstar Bank, FSB v Damaro, 145 AD3d 858, 860; Batra v Electronic Land Servs., Inc., 136 AD3d 723, 724). The plaintiff also demonstrated that he had a meritorious opposition to the building defendants' motion for summary judgment.
Since the Supreme Court should have granted that branch of the plaintiff's motion which was to vacate the January 2014 order, it also should have considered the merits of the plaintiff's opposition to the building defendants' motion for summary judgment and, thereupon, denied that motion (see Paul v Weatherwax, 146 AD3d at 793-794; J & J Alarcon Realty Corp. v Plantains Rest., Inc., 123 AD3d 886, 888). The building defendants failed to meet their prima facie burden of eliminating all material issues of fact with respect to either the cooperative or Hudson (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853). To the extent that the building defendants relied on the statute of limitations, they waived that defense by failing to assert it in their answer or in a pre-answer motion to dismiss (see CPLR 3211[e]; MidFirst Bank v Ajala, 146 AD3d 875; Fade v Pugliani/Fade, 8 AD3d 612, 614).
We decline to address any arguments relating to that branch of the plaintiff's motion which was to amend the caption to delete the plaintiff's ex-wife as a defendant or, in the alternative, pursuant to CPLR 306-b to extend the time to serve the summons and complaint upon her. The Supreme Court did not address that branch of the motion, which remains pending and undecided (see Katz v Katz, 68 AD2d 536, 542-543).
DILLON, J.P., DUFFY, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court