■ 330 WYTHE AVENUE ASSOCIATES, LLC, Respondent, v ABR CONSTRUCTION, INC., et al., Appellants, et al., Defendants. (And a Third-Party Action.) [864 NYS2d 314]—In an action, inter alia, to recover damages for breach of a construction contract, the defendant ABR Construction, Inc., appeals, and the defendant Insurance Company of the State of Pennsylvania separately appeals from an order of the Supreme Court, Kings County (Ruditzky, J.), dated April 30, 2007, which granted the plaintiff's motion, in effect, to vacate its default in appearing for a scheduled court conference, to vacate the dismissal of the action pursuant to 22 NYCRR 202.27 (b), and to restore the action to the trial calendar.

Ordered that the order is affirmed, with costs.

The plaintiff's action was dismissed when neither the plaintiff nor its attorney appeared on the date set for a compliance conference. Accordingly, in order to vacate the dismissal and to restore the action to the calendar, the plaintiff was required to demonstrate both a reasonable excuse for the default and a meritorious cause of action (*see* 22 NYCRR 202.27; *Jones v New York City Hous. Auth.*, 13 AD3d 489 [2004]; *Kandel v Hoffman*, 309 AD2d 904 [2003]). It was within the Supreme Court's discretion to accept the plaintiff's excuse of law office failure (*see* CPLR 2005), as it was supported by a "detailed and credible" explanation of the default (*Henry v Kuveke*, 9 AD3d 476, 479 [2004]; *Gironda v Katzen*, 19 AD3d 644, 645 [2005]). Moreover, the supplemental affidavit of the plaintiff's president, with supporting evidence, demonstrated the existence of a meritorious cause of action. Rivera, J.P., Florio, Angiolillo, McCarthy and Chambers, JJ., concur.