■ PAMELA HAGEN-MEURER et al., Appellants, v EDMUND H. BALAKHANE et al., Respondents. [5 NYS3d 889]—

In an action to recover damages for medical malpractice, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Whelan, J.), dated April 7, 2014, which denied their motion to vacate a prior order of the same court dated December 9, 2013, directing dismissal of the action pursuant to 22 NYCRR 202.27 upon their failure to appear at a compliance conference, and to restore the action to the calendar.

Ordered that the order dated April 7, 2014, is affirmed, with one bill of costs.

This medical malpractice action was dismissed when neither the plaintiffs nor their attorney appeared at a compliance conference (*see* 22 NYCRR 202.27 [b]). To be relieved of the default in appearing at that conference, the plaintiffs were required to show both a reasonable excuse for the default and the existence of a potentially meritorious cause of action (*see* CPLR 5015 [a] [1]; *Felsen v Stop & Shop Supermarket Co., LLC*, 83 AD3d 656 [2011]; *Marrero v Crystal Nails*, 77 AD3d

798, 799 [2010]; *Siculan v Koukos*, 74 AD3d 946, 947 [2010]). Even if the plaintiffs' attorney demonstrated a reasonable excuse for his failure to appear at the compliance conference or to timely retain a per diem attorney to appear in his place (*see Lyubomirsky v Lubov Arulin, PLLC*, 125 AD3d 614 [2015]; *Oller v Liberty Lines Tr., Inc.*, 111 AD3d 903, 904 [2013]; *Fried v Jacob Holding, Inc.*, 110 AD3d 56, 60 [2013]), the affirmation of the plaintiffs' medical expert was insufficient to demonstrate a potentially meritorious cause of action against the defendants. The affirmation failed to specify the acceptable standard of medical care or detail the procedures that should have been followed (*see Nowell v NYU Med. Ctr.*, 55 AD3d 573, 574 [2008]; *cf. Di Simone v Good Samaritan Hosp.*, 100 NY2d 632, 634 [2003]). Accordingly, the Supreme Court providently exercised its discretion in denying the plaintiffs' motion to vacate the order dismissing the action. Rivera, J.P., Austin, Sgroi and Barros, JJ., concur.