■ JACQUES GASPARD, Appellant, v DITMAS GAS CORP. et al., Defendants, and SAMY AUTO CORP. et al., Respondents. [42 NYS3d 843]—

In an action, inter alia, to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Rothenberg, J.), dated January 7, 2015, as, upon renewal, adhered to a prior determination in an order of the same court dated May 22, 2014, denying his motion pursuant to CPLR 5015 (a) (1) to vacate an order of the same court dated November 21, 2013, directing the dismissal of the complaint.

Ordered that the order dated January 7, 2015, is affirmed insofar as appealed from, with costs.

By order dated November 21, 2013, the Supreme Court granted the motion of the defendants Samy Auto Corp., Marc Saady, and Rose Saady (hereinafter collectively the defendants) to dismiss the complaint for the plaintiff's failure to comply with discovery demands. In moving to vacate that order, the plaintiff was required to demonstrate a reasonable excuse for his default and a potentially meritorious cause of action (*see* CPLR 5015 [a] [1]; *U.S. Bank, N.A. v Dorvelus*, 140 AD3d 850, 852 [2016]; *Thomas v Avalon Gardens Rehabilitation & Health Care Ctr.*, 107 AD3d 694 [2013]). Here, upon renewal, the Supreme Court providently exercised its discretion in adhering to its prior determination denying the plaintiff's motion pursuant to CPLR 5015 (a) (1) to vacate the order dated November 21, 2013. Although the plaintiff had a reasonable excuse for his default, he failed to submit evidence of a potentially meritorious cause of action.

The plaintiff alleged that he was assaulted in 2010 by someone who appeared to be the owner of the defendants' business. However, by the time the instant action was commenced in 2013, his cause of action sounding in assault was time-barred (*see* CPLR 215 [3]). Moreover, the plaintiff failed to demonstrate a potentially meritorious cause of action sounding in negligent hiring and negligent supervision. The plaintiff was unable to identify his assailant, and thus, he was unable to identify the relationship between the assailant and the defendants, if any.

The plaintiff's remaining contention is without merit. Balkin, J.P., Dickerson, Hinds-Radix and Brathwaite Nelson, JJ., concur.