■ BRENDA ADDISON, Respondent, v STANISLAV AVSHALUMOV, Appellant. [59 NYS3d 746]—

In an action, inter alia, to recover damages for medical malpractice, the defendant appeals from an order of the Supreme Court, Nassau County (McCormack, J.), entered February 17, 2016, which granted the plaintiff's motion, in effect, pursuant to CPLR 5015 (a) (1) to vacate an order of the same court entered November 17, 2014, granting the defendant's application to dismiss the complaint pursuant to 22 NYCRR 202.27 (b), upon the plaintiff's failure to appear at a compliance conference, and to restore the action to active status.

Ordered that the order entered February 17, 2016, is reversed, on the law, with costs, and the plaintiff's motion, in effect, pursuant to CPLR 5015 (a) (1) to vacate the order entered November 17, 2014, and to restore the action to active status is denied.

On May 31, 2011, the plaintiff, who had been diagnosed with severe left knee osteoarthritis, underwent a total arthroplasty of the left knee at nonparty Franklin Hospital Medical Center, which was performed by the defendant. In July 2013, the plaintiff commenced this action, inter alia, to recover damages for medical malpractice allegedly committed by the defendant in connection with the surgery. The plaintiff alleged in her amended bill of particulars, among other things, that the defendant "failed to resurface the patella," "[n]egligently failed to ensure the tibial component was flush to the tibia," and "failed to heed signs of . . . aseptic loosening."

In an order entered November 17, 2014, the Supreme Court granted the defendant's application to dismiss the complaint pursuant to 22 NYCRR 202.27 (b), upon the plaintiff's failure

to appear at a compliance conference. Thereafter, the plaintiff moved, in effect, pursuant to CPLR 5015 (a) (1) to vacate that order, and to restore the action to active status. The plaintiff attributed her default in appearing at the conference to law office failure, alleging that her attorney, who had been disbarred for, among other things, neglecting his clients' legal matters, also neglected her case. The defendant opposed the motion solely on the ground that the plaintiff failed to establish a potentially meritorious cause of action. In an order entered February 17, 2016, the court granted the plaintiff's motion, finding that the plaintiff established a potentially meritorious cause of action. We reverse.

To be relieved of the default in appearing at the conference, the plaintiff was required to show both a reasonable excuse for the default and the existence of a potentially meritorious cause of action (*see* CPLR 5015 [a] [1]; *Hagen-Meurer v Balakhane*, 127 AD3d 1020 [2015]; *Felsen v Stop & Shop Supermarket Co., LLC*, 83 AD3d 656 [2011]; *Marrero v Crystal Nails*, 77 AD3d 798, 799 [2010]).

Here, while the defendant does not argue that the plaintiff lacked a reasonable excuse for her default, the defendant correctly contends that the plaintiff failed to demonstrate the existence of a potentially meritorious cause of action. The affidavit of merit of the plaintiff's medical expert was conclusory, and therefore, insufficient to demonstrate that the plaintiff had a potentially meritorious cause of action (*see Hanscom v Goldman*, 109 AD3d 964, 965 [2013]; *Bollino v Hitzig*, 34 AD3d 711 [2006]).

Accordingly, the Supreme Court should have denied the plaintiff's motion, in effect, pursuant to CPLR 5015 (a) (1) to vacate the order entered November 17, 2014, and to restore the action to active status. Balkin, J.P., Austin, Roman and LaSalle, JJ., concur.