In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Queens County (Dufficy, J.), entered July 1, 2016, which denied its unopposed motion pursuant to CPLR 5015 (a) (1) to vacate the dismissal of the complaint and to restore the action to the conference calendar.
 

 Ordered that the order is reversed, on the facts and in the exercise of discretion, without costs or disbursements, and the plaintiff’s motion pursuant to CPLR 5015 (a) (1) to vacate the dismissal of the complaint and to restore the action to the conference calendar is granted.
 

 In order to vacate its default in appearing at a call of the compliance conference calendar, the plaintiff was required to demonstrate both a reasonable excuse for the default and a potentially meritorious cause of action (see CPLR 5015 [a] [1]; 22 NYCRR 202.27 [a]; Polsky v Simon, 145 AD3d 693, 693 [2016]; Foley Inc. v Metropolis Superstructures, Inc., 130 AD3d 680, 680 [2015]). “Whether an excuse is reasonable is a determination within the sound discretion of the Supreme Court” (Walker v Mohammed, 90 AD3d 1034, 1034 [2011]; see GMAC Mtge., LLC v Guccione, 127 AD3d 1136 [2015]). Where, as here, a party asserts law office failure, it must provide “ a detailed and credible explanation of the default’ ” (GMAC Mtge., LLC v Guccione, 127 AD3d at 1138, quoting People’s United Bank v Latini Tuxedo Mgt., LLC, 95 AD3d 1285, 1286 [2012]), as conclusory and unsubstantiated allegations of law office failure are not sufficient (see U.S. Bank N.A. v Barr, 139 AD3d 937, 938 [2016]; Wells Fargo Bank, N.A. v Cervini, 84 AD3d 789, 789 [2011]).
 

 The Supreme Court improvidently exercised its discretion in finding that the plaintiff did not demonstrate a reasonable excuse for missing the calendar call on January 15, 2015. The plaintiff submitted an affirmation of counsel proffering a detailed and credible explanation of the law office failure leading to the default in appearing. Accordingly, the plaintiff provided a reasonable excuse for failing to appear (see Madonna Mgt. Servs., Inc. v R.S. Naghavi M.D. PLLC, 123 AD3d 986, 987-988 [2014]; 330 Wythe Ave. Assoc., LLC v ABR Constr., Inc., 55 AD3d 599 [2008]; Tyberg v Neustein, 21 AD3d 896 [2005]; Henry v Kuveke, 9 AD3d 476, 479 [2004]; Orwell Bldg. Corp. v Bessaha, 5 AD3d 573 [2004]; Louis v Louis, 231 AD2d 612, 613 [1996]). The plaintiff also demonstrated a potentially meritorious cause of action (see D & W Constr. v Israel, 54 AD3d 889 [2008]; Birky v Katsilogiannis, 37 AD3d 631 [2007]; Vollaro v Bevilacqua, 33 AD3d 910 [2006]).
 

 Accordingly, the Supreme Court should have granted the plaintiff’s unopposed motion to vacate the dismissal of the complaint and to restore the action to the conference calendar.
 

 Mastro, J.P., Sgroi, Cohen and Maltese, JJ., concur.