Brown v State of New York (2018 NY Slip Op 05816)





Brown v State of New York


2018 NY Slip Op 05816


Decided on August 22, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SANDRA L. SGROI
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY, JJ.


2016-09033

[*1]Harry Brown, appellant, 
v
State of New York, respondent. (Claim No. 125626) TJ Morrow, New York, NY, for appellant.


Barbara D. Underwood, Attorney General, New York, NY (Steven C. Wu and David Lawrence III of counsel), for respondent.



DECISION & ORDER
In a claim to recover damages for personal injuries, the claimant appeals from an order of the Court of Claims (Faviola A. Soto, J.), dated June 23, 2016. The order denied the claimant's motion to vacate an order of the same court dated June 29, 2015, dismissing the claim upon the claimant's failure to appear at a conference.
ORDERED that the order dated June 23, 2016, is affirmed, with costs.
The claimant commenced this claim against the State of New York, alleging that medical doctor Stephen Onesti, an employee of SUNY Downstate Medical Center, a hospital owned by the State of New York, "implanted a foreign object" into the claimant's body in or about January 2009. According to the claimant, the foreign object implanted into his body was a neurostimulation device, which was intended to relieve the claimant's back pain. Allegedly, in November 2013, the device malfunctioned and was removed from the claimant's body. The claim, alleging, in effect, medical malpractice, was filed on February 9, 2015.
By order dated June 29, 2015, the Court of Claims, sua sponte, dismissed the claim due to the claimant's failure to appear at a scheduled preliminary conference. By decision and order on motion dated January 28, 2016, this Court dismissed the claimant's appeal from the order dated June 29, 2015, on the ground that no appeal lies as of right from an order that is not the result of a motion made on notice, and leave to appeal had not been granted. Thereafter, the claimant moved pursuant to CPLR 5015(a)(1) to vacate the order dated June 29, 2015. By order dated June 23, 2016, the court denied the motion, and the claimant appeals.
In moving pursuant to CPLR 5015(a)(1) to vacate the order dated June 29, 2015, the claimant was required to establish both a reasonable excuse for his default and a potentially meritorious claim (see CPLR 5015[a][1]; OneWest Bank, FSB v Singer, 153 AD3d 714, 715; Krisztin v State of New York, 34 AD3d 753, 753-754). Here, the Court of Claims providently exercised its discretion in denying the claimant's motion. The claimant failed to establish a potentially meritorious claim given, inter alia, that his claim sounds in medical malpractice, yet he failed to submit an affidavit of merit of a medical expert (see Murray v New York City Health & Hosps. Corp., 52 AD3d 792, 794; see also Addison v Avshalumov, 153 AD3d 477, 478; [*2]Hagen-Meurer v Balakhane, 127 AD3d 1020, 1021).
LEVENTHAL, J.P., SGROI, HINDS-RADIX and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court