Crevecoeur v Mattam (2019 NY Slip Op 03566)





Crevecoeur v Mattam


2019 NY Slip Op 03566


Decided on May 8, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 8, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
HECTOR D. LASALLE
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2018-10437
 (Index No. 15764/12)

[*1]Yves Crevecoeur, appellant,
v
Shino Mattam, respondent.


The Rosato Firm, P.C., New York, NY (Paul A. Marber and Joseph S. Rosato of counsel), for appellant.
Martyn and Martyn, Mineola, NY (Thomas M. Martyn of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (R. Bruce Cozzens, Jr., J.), entered June 29, 2018. The order denied the plaintiff's motion to vacate the dismissal of the action pursuant to, in effect, 22 NYCRR 202.27 upon his failure to proceed to trial, and to restore the action to the trial calendar.
ORDERED that the order is reversed, on the law and in the exercise of discretion, with costs, the plaintiff's motion to vacate the dismissal of the action and to restore the action to the trial calendar is granted, and the Chief Clerk of the Supreme Court, Nassau County, is directed to set this matter for trial within 60 days of the date of service of a copy of this decision and order with notice of entry upon him or her.
On December 31, 2012, the plaintiff commenced this action to recover damages for personal injuries related to an automobile accident. The defendant joined issue, after which the parties proceeded with discovery. On October 28, 2013, the plaintiff filed a note of issue, and the action was placed on the trial calendar. Following several adjournments of the trial and unsuccessful settlement attempts, jury selection commenced the week of October 2, 2017. The record indicates that the plaintiff was not informed by his then-counsel in advance when jury selection was to commence, that it had commenced, or that it had been completed. When the plaintiff was informed that the trial was scheduled to commence on Tuesday, October 10, 2017, with the attorneys already having selected a jury, the plaintiff retained new counsel. On the scheduled trial date, the plaintiff, who is of Haitian descent and required a translator, appeared with new counsel who requested an adjournment so that he could obtain and review the file and prepare for trial. The plaintiff's new attorney offered to vacate the note of issue and return the action to pre-note status. While counsel subsequently explained that his intention in making this offer was to self-impose a penalty on the plaintiff by requiring him to wait in line for a new trial, counsel did not offer this explanation at the time. The Supreme Court did not make any inquiry into the reasons for counsel's offer and, sua sponte, dismissed the action, without explaining the basis for its determination to dismiss the action, as opposed to granting a reasonable adjournment of the trial. Further, the court, in conducting the proceeding without utilizing the services of an available interpreter, thus failed to assure that the plaintiff had an intelligible explanation of the proceedings.
The plaintiff promptly moved to vacate the dismissal of the action and to restore the action to the trial calendar. In the order appealed from, the Supreme Court denied the motion, tersely concluding that the plaintiff had not demonstrated a reasonable excuse for his failure to proceed to trial and without setting forth the history of the proceedings or any reason to ascribe any prior delays to any conduct of the plaintiff. The plaintiff appeals, and we reverse.
As a general rule, a plaintiff who seeks to vacate a dismissal pursuant to 22 NYCRR 202.27 based upon being unprepared to proceed with trial at a call of the calendar is required to demonstrate both a reasonable excuse for the default and a potentially meritorious cause of action (see CPLR 5015[a][1]; 22 NYCRR 202.27[a]; Wilner v Village of Roslyn, 163 AD3d 898, 899; Polsky v Simon, 145 AD3d 693; Foley Inc. v Metropolis Superstructures, Inc., 130 AD3d 680, 680; Mazzio v Jennings, 128 AD3d 1032; Hagen-Meurer v Balakhane, 127 AD3d 1020, 1020; Vera v Soohoo, 99 AD3d 990, 992). Here, there is no dispute that the plaintiff established that his cause of action is potentially meritorious. The only issue is whether he had a reasonable excuse not to proceed to trial.
"Whether an excuse is reasonable is a determination within the sound discretion of the Supreme Court" (Walker v Mohammed, 90 AD3d 1034, 1034; see GMAC Mtge., LLC v Guccione, 127 AD3d 1136). However, in "making that discretionary determination, the court should consider relevant factors, such as the extent of the delay, prejudice or lack of prejudice to the opposing party, whether there has been willfulness, and the strong public policy in favor of resolving cases on the merits" (Moore v Day, 55 AD3d 803, 804).
We disagree with the Supreme Court's determination that the plaintiff did not demonstrate a reasonable excuse for his failure to proceed to trial. The limited record before us reflects that the plaintiff had a reasonable excuse not to proceed to trial given his unrefuted assertion that he was not given timely notice of the scheduling and commencement of the trial by his former counsel and that the plaintiff's concerns over notice had led to a breakdown of his relationship with his former counsel. Further, given that the court did not review the history or ascribe any delay to the plaintiff, the record does not provide any basis for the implicit denial by the court of a reasonable, but limited, adjournment of the trial. While a jury had been selected, there is no indication that a Trial Justice was awaiting the case or even that a trial part had been set aside for this case. There is no indication of any prejudice to the defendant, who, in any event, did not request dismissal or even oppose an adjournment.
We acknowledge that the Supreme Court has the responsibility to assure that the cases before it are handled expeditiously. We also recognize that the court could have had appropriate reasons for questioning a request, made on the day of trial by newly arriving counsel, to vacate the note of issue and reopen discovery. On the other hand, the severe remedy of dismissal, with its concomitant deprivation of one's day in court, is hardly the only tool in the judicial case management tool box. In a circumstance such as the one presented here, the court could have considered the granting of an adjournment, either with or without the utilization of the selected jury. The court could also have considered conditioning the granting of an adjournment upon the plaintiff's acceptance of responsibility for reasonable expenses incurred in proceedings rendered unnecessary, such as the jury per diem fees paid out to members of a disbanded jury or the time expended by the adverse party in selecting a jury that will be disbanded. These possibilities are illustrative, not exclusive. However, in order for the court to invoke the severe remedy of dismissal, it is incumbent on the court to conduct a detailed inquiry on the record, set forth the history and circumstances of the case, and provide an explanation of its reasons as to why a lesser sanction would have been insufficient. This, the Supreme Court did not do. Accordingly, the plaintiff's motion to vacate the dismissal of the action and to restore the action to the trial calendar should have been granted.
SCHEINKMAN, P.J., LASALLE, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court