New St. Assoc., LLC v Gach (2019 NY Slip Op 04390)





New St. Assoc., LLC v Gach


2019 NY Slip Op 04390


Decided on June 5, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 5, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY, JJ.


2018-02412
 (Index No. 602947/15)

[*1]New Street Associates, LLC, respondent,
v
Anthony Gach, et al., appellants.


Barry R. Feerst, Brooklyn, NY (Yitzchok Kotkes of counsel), for appellants.
Litt Law Group, LLC, Rockville Centre, NY (Robert G. Litt and Joseph Aufenanger of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of a lease, the defendants appeal from an order of the Supreme Court, Nassau County (R. Bruce Cozzens, Jr., J.), entered January 23, 2018. The order, insofar as appealed from, denied the defendants' cross motion pursuant to CPLR 5015(a)(1) to vacate a judgment of the same court entered October 31, 2016, which, upon a prior order of the same court entered June 16, 2016, holding the defendants in default for their failure to appear at a compliance conference, and after an inquest on the issue of damages, is in favor of the plaintiff and against the defendants in the total sum of $52,595.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In April 2015, the plaintiff commenced this action, inter alia, to recover damages for breach of a lease. On June 15, 2016, the defendants failed to appear at a compliance conference. By order entered June 16, 2016, the Supreme Court held the defendants in default and directed an inquest on the issue of damages. Thereafter, an inquest was held on the issue of damages, and on October 31, 2016, a judgment was entered in favor of the plaintiff and against the defendants in the total sum of $52,595. Subsequently, the defendants cross-moved pursuant to CPLR 5015(a)(1) to vacate the judgment. In the order appealed from, the court, inter alia, denied the defendants' cross motion, and the defendants appeal from that portion of the order.
To vacate their default in appearing at a compliance conference, the defendants were required to demonstrate both a reasonable excuse for their default and a potentially meritorious defense (see CPLR 5015[a][1]; New York Vein Ctr., LLC v Dovlaryan, 162 AD3d 1056, 1057; Addison v Avshalumov, 153 AD3d 477, 478; Foley Inc. v Metropolis Superstructures, Inc., 130 AD3d 680). "Whether an excuse is reasonable is a determination within the sound discretion of the Supreme Court" (Walker v Mohammed, 90 AD3d 1034, 1034; see 555 Prospect Assoc., LLC v Greenwich Design & Dev. Group Corp., 154 AD3d 909). Where, as here, a party asserts law office failure as a reasonable excuse, "it must provide a detailed and credible explanation of the default" 555 Prospect Assoc., LLC v Greenwich Design & Dev. Group Corp., 154 AD3d at 910 [internal quotation marks omitted]; see Kohn v Kohn, 86 AD3d 630; Wells Fargo Bank, N.A. v Cervini, 84 [*2]AD3d 789).
Here, the defendants' claim of law office failure was conclusory and unsubstantiated, and, under the circumstances of this case, did not constitute a reasonable excuse for their default (see IndyMac Bank, FSB v Izzo, 166 AD3d 866, 868; Wells Fargo Bank, N.A. v Cervini, 84 AD3d at 790; cf. 555 Prospect Assoc., LLC v Greenwich Design & Dev. Group Corp., 154 AD3d at 910). In any event, the defendants failed to demonstrate the existence of a potentially meritorious defense. The affidavit of the principal of the defendant corporations, which contained only conclusory assertions without any evidentiary support, was insufficient to establish a potentially meritorious defense to the action (see Wells Fargo Bank, N.A. v Cean Owens, LLC, 110 AD3d 872, 873; Garal Wholesalers, Ltd. v Raven Brands, Inc., 82 AD3d 1041, 1042).
Accordingly, we agree with the Supreme Court's denial of the defendants' cross motion pursuant to CPLR 5015(a)(1) to vacate the judgment.
RIVERA, J.P., ROMAN, HINDS-RADIX and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court