Diamond v Leone (2019 NY Slip Op 04358)





Diamond v Leone


2019 NY Slip Op 04358


Decided on June 5, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 5, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOSEPH J. MALTESE
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2018-04157
2018-10852
 (Index No. 600048/14)

[*1]Meredith Diamond, appellant, 
v
Diana Leone, defendant, John J. Karaban, Jr., respondent (and a third-party action).


Eric H. Green, New York, NY (Marc Gertler of counsel), for appellant.
Jennifer S. Adams, Lake Success, NY (Richard C. Ertel of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (James P. McCormack, J.), entered February 28, 2018, and (2) an order of the same court entered July 17, 2018. The order entered February 28, 2018, denied the plaintiff's motion pursuant to CPLR 5015(a)(1) to vacate a prior order of the same court (R. Bruce Cozzens, Jr., J.) dated November 28, 2017, which, upon her failure to appear in court on November 28, 2017, directed the dismissal of her amended complaint, and to restore the action to the trial calendar. The order entered July17, 2018, insofar as appealed from, denied that branch of the plaintiff's motion which was for leave to renew her prior motion pursuant to CPLR 5015(a)(1) to vacate the order dated November 28, 2017.
ORDERED that the order entered February 28, 2018, is reversed, on the facts and in the exercise of discretion, without costs or disbursements, and the plaintiff's motion to vacate the order dated November 28, 2017, and to restore the action to the trial calender is granted; and it is further,
ORDERED that the appeal from the order entered July 17, 2018, is dismissed as academic, without costs or disbursements, in light of our determination on the appeal from the order entered February 28, 2018.
The plaintiff alleges that she was a passenger in a vehicle operated by the defendant John J. Karaban, Jr., which was involved in an accident with a vehicle owned and operated by the defendant Diana Leone. The plaintiff commenced this action against both defendants to recover damages for personal injuries she allegedly sustained as a result of the accident.
After a note of issue was filed and the matter was transferred to the trial calendar, the plaintiff did not appear for a court appearance scheduled on November 28, 2017. The defendant John J. Karaban, Jr., appeared on that date. In an "order on default" dated November 28, 2017, the Supreme Court, sua sponte, directed the dismissal of the amended complaint, with prejudice, based on the plaintiff's failure to appear in court as scheduled on November 28, 2017. By notice of motion [*2]dated December 6, 2017, the plaintiff moved pursuant to CPLR 5015(a)(1) to vacate the November 28, 2017, "order on default" and to restore the action to the trial calendar, explaining the reason for her failure to appear. In an order entered February 28, 2018, the Supreme Court denied her motion. The plaintiff's subsequent motion, inter alia, for leave to renew also was denied in an order entered July17, 2018. The plaintiff appeals.
In seeking to vacate the order entered upon her default in appearing on November 28, 2017, the plaintiff was required to demonstrate both a reasonable excuse and a potentially meritorious cause of action (see CPLR 5015[a][1]; Addison v Avshalumov, 153 AD3d 477; Gaspard v Ditmas Gas Corp., 145 AD3d 860).
The Supreme Court improvidently exercised its discretion in finding that the plaintiff did not demonstrate a reasonable excuse for her failure to appear on November 28, 2017. In an affirmation in support of the motion, the plaintiff's attorney submitted a detailed and credible explanation of the law office failure which caused the default in appearing. The plaintiff's attorney affirmed that an entry in the "Comments" field for the subject appearance date on the "eLaw" website had created confusion as to whether the scheduled appearance had been adjourned from November 28 to November 30, and that the attorney's law office had repeatedly attempted to contact the Part Clerk on November 27 and November 28 for clarification and had left a voicemail message. The attorney affirmed that when his law office finally communicated directly with the Part Clerk at approximately 11:30 a.m. on November 28, his law office was advised that the case had been dismissed due to the plaintiff's failure to appear. The attorney's affirmation was supported by, among other things, printouts from the "eLaw" website. Therefore, the plaintiff provided a reasonable excuse for failing to appear (see 555 Prospect Assoc., LLC v Greenwich Design & Dev. Group Corp., 154 AD3d 909; Hobbins v North Star Orthopedics, PLLC, 148 AD3d 784; Polsky v Simon, 145 AD3d 693). The plaintiff also demonstrated a potentially meritorious cause of action (see 555 Prospect Assoc., LLC v Greenwich Design & Dev. Corp., 154 AD3d at 910). Accordingly, the court should have granted the plaintiff's motion to vacate the "order on default" dated November 28, 2017, and to restore the action to the trial calendar.
The plaintiff's appeal from so much of the order entered July 17, 2018, as denied that branch of her motion which was for leave to renew is academic in light of our determination on the appeal from the order entered February 28, 2018.
MASTRO, J.P., MALTESE, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court