Shah v Uh (2020 NY Slip Op 03261)





Shah v Uh


2020 NY Slip Op 03261


Decided on June 10, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 10, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
RUTH C. BALKIN
JOHN M. LEVENTHAL
FRANCESCA E. CONNOLLY, JJ.


2018-08295
 (Index No. 703654/15)

[*1]Ramzan Shah, appellant,
v
Benjamin Uh, etc., respondent.


Ramzan Shah, South Richmond Hill, NY, appellant pro se.
Vigorito, Barker, Patterson, Nichols & Porter, LLP, Valhalla, NY (Adonaid C. Medina of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for medical malpractice, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Peter J. O'Donoghue, J.), entered June 6, 2018. The judgment, upon an order of the same court entered May 18, 2018, denying the plaintiff's motion, in effect, pursuant to CPLR 5015(a)(1) to vacate a prior order of the same court entered April 13, 2018, directing the dismissal of the action pursuant to 22 NYCRR 202.27(b), upon the plaintiff's failure to appear at a scheduled conference, and to restore the action to the calendar, is in favor of the defendant and against the plaintiff dismissing the complaint.
ORDERED that the judgment is affirmed, without costs or disbursements.
"Pursuant to 22 NYCRR 202.27(b), a court has the discretion to direct dismissal of a complaint where the plaintiff fails to appear or is not ready to proceed" (Yi Jing Tan v Liang, 160 AD3d 786, 787). Here, we agree with the Supreme Court's determination to dismiss the action based upon the plaintiff's failure to appear at two post-note of issue conferences.
To be relieved of the default in appearing, the plaintiff was required to demonstrate both a reasonable excuse for the default and a potentially meritorious cause of action (see CPLR 5015[a][1]; Murray v New York City Health & Hosps. Corp., 52 AD3d 792, 793). We agree with the Supreme Court's determination to deny the plaintiff's motion, in effect, pursuant to CPLR 5015(a)(1) to vacate his default, as the plaintiff failed to establish the existence of a potentially meritorious cause of action (see Addison v Avshalumov, 153 AD3d 477, 478; see also Mosberg v Elahi, 80 NY2d 941).
RIVERA, J.P., BALKIN, LEVENTHAL and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court