Sutton v Metropolitan Tr. Auth. Bus Co. (2021 NY Slip Op 04988)





Sutton v Metropolitan Tr. Auth. Bus Co.


2021 NY Slip Op 04988


Decided on September 15, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 15, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2019-10350
 (Index No. 707506/14)

[*1]Cullette Vanessa Sutton, respondent, et al., plaintiff, 
v
Metropolitan Transit Authority Bus Company, appellant, et al., defendant.


Armienti, DeBellis & Rhoden, LLP, New York, NY (Vanessa M. Corchia of counsel), for appellant.
Gekman Law Firm, P.C., Brooklyn, NY (Arnold E. DiJoseph, P.C. [Arnold E. DiJoseph III], of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Metropolitan Transit Authority Bus Company appeals from an order of the Supreme Court, Queens County (Carmen R. Velasquez, J.), entered July 8, 2019. The order, insofar as appealed from, (1) granted that branch of the plaintiffs' motion which was, in effect, pursuant to CPLR 5015(a)(1) to vacate so much of an order of the same court (Martin J. Schulman, J.) dated November 20, 2017, as, sua sponte, directed dismissal of the complaint insofar as asserted by the plaintiff Cullette Vanessa Sutton, in effect, pursuant to 22 NYCRR 202.27, and to restore the action to the calendar insofar as asserted by that plaintiff, and (2), upon renewal, in effect, vacated a prior determination in an order of the same court dated November 21, 2017, denying, as academic, that branch of the renewed motion of the defendant Metropolitan Transit Authority Bus Company which was for summary judgment dismissing the complaint insofar as asserted against it by that plaintiff on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident, and thereupon denied that branch of the renewed motion on the merits.
ORDERED that the order entered July 8, 2019, is reversed insofar as appealed from, on the law, with costs, that branch of the plaintiffs' motion which was, in effect, pursuant to CPLR 5015(a)(1) to vacate so much of the order dated November 20, 2017, as, sua sponte, directed dismissal of the complaint insofar as asserted by the plaintiff Cullette Vanessa Sutton, in effect, pursuant to 22 NYCRR 202.27, and to restore the action to the calendar insofar as asserted by that plaintiff is denied, and, upon renewal, the determination in the order dated November 21, 2021, denying, as academic, that branch of the renewed motion of the defendant Metropolitan Transit Authority Bus Company which was for summary judgment dismissing the complaint insofar as asserted against it by the plaintiff Cullette Vanessa Sutton is adhered to.
On February 18, 2014, the plaintiffs, Cullette Vanessa Sutton and Monique Argento, were passengers on a bus owned by the defendant Metropolitan Transit Authority Bus Company (hereinafter the MTA) when the bus was involved in an accident with a second MTA bus. The plaintiffs commenced this action to recover damages for personal injuries that they each allegedly [*2]sustained as a result of the accident.
In February 2017, the MTA moved for summary judgment dismissing the complaint insofar as asserted against it on the ground that neither of the plaintiffs sustained a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident. The plaintiffs did not submit opposition to the MTA's motion. In an order entered July 27, 2017, the Supreme Court denied the MTA's motion, with leave to renew, on the basis that it was unclear whether the MTA's motion was timely.
Thereafter, in September 2017, the MTA renewed its motion for summary judgment dismissing the complaint insofar as asserted against it. The renewed motion was submitted on October 10, 2017, without the plaintiffs having filed any opposition to it. While the MTA's renewed motion was pending, a trial conference was scheduled in the Trial Scheduling Part for November 20, 2017. Despite this conference having been marked as final by the Supreme Court, the plaintiffs' counsel failed to appear at the call of the trial calendar on November 20, 2017. By order dated November 20, 2017, the court, upon its own motion, in effect, pursuant to 22 NYCRR 202.27, directed dismissal of the complaint. The following day, in an order dated November 21, 2017, the court denied, as academic, the MTA's renewed motion for summary judgment dismissing the complaint insofar as asserted against it.
In July 2018, the plaintiffs moved, in effect, pursuant to CPLR 5015(a)(1) to vacate the order dated November 20, 2017, directing dismissal of the complaint, and to restore the action to the calendar. The MTA opposed the plaintiffs' motion, and cross-moved for leave to renew its renewed motion for summary judgment dismissing the complaint insofar as asserted against it, which had been denied as academic. By order entered July 8, 2019, the Supreme Court, inter alia, granted that branch of the plaintiffs' motion which was to vacate so much of the order dated November 20, 2017, as directed dismissal of the complaint insofar as asserted by Sutton and to restore the action to the calendar insofar as asserted by her, and, in effect, vacated so much of the order dated November 21, 2017, as denied, as academic, that branch of the MTA's renewed motion which was for summary judgment dismissing the complaint insofar as asserted against it by Sutton, and thereupon denied that branch of the renewed motion on the merits. The MTA appeals.
Pursuant to 22 NYCRR 202.27, a court may dismiss a complaint when the plaintiff fails to appear or is not ready to proceed at the call of the trial calendar (see Campbell v Dwyer, 185 AD3d 777; Shah v Uh, 184 AD3d 696, 697). To be relieved of that default, a plaintiff must demonstrate both a reasonable excuse for the default and a potentially meritorious cause of action (see CPLR 5015[a][1]; Campbell v Dwyer, 185 AD3d at 777; Shah v Uh, 184 AD3d at 697).
Here, although the plaintiffs proffered a reasonable excuse for their default in failing to appear ready to proceed at the trial conference, the plaintiffs failed to demonstrate that Sutton had a potentially meritorious cause of action (see Addison v Avshalumov, 153 AD3d 477, 478; see also Shah v Uh, 184 AD3d at 697). No medical evidence was submitted to demonstrate that Sutton sustained a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident (see Santiago v Santana, 54 AD3d 929, 930; cf. Quintero v Kim, 43 AD3d 895, 896).
Accordingly, the Supreme Court should have denied that branch of the plaintiffs' motion which was, in effect, pursuant to CPLR 5015(a)(1) to vacate so much of the order dated November 20, 2017, as directed dismissal of the complaint insofar as asserted by Sutton and to restore the action to the calendar insofar as asserted by her.
The MTA's remaining contentions have been rendered academic in light of our determination.
DILLON, J.P., AUSTIN, DUFFY and BARROS, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court