Rivera v Waterview Towers, Inc. (2025 NY Slip Op 01001)

Rivera v Waterview Towers, Inc.

2025 NY Slip Op 01001

Decided on February 19, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 19, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
LINDA CHRISTOPHER
WILLIAM G. FORD
LAURENCE L. LOVE, JJ.

2022-04963
 (Index No. 17297/13)

[*1]Wilfred Rivera, appellant, 
v
Waterview Towers, Inc., respondent.

Scott L. Sherman & Associates, P.C. (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Paul H. Seidenstock], of counsel), for appellant.
Brody, O'Connor & O'Connor (Mauro Lilling Naparty LLP, Woodbury, NY [Matthew W. Naparty and Melissa A. Danowski], of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Richard J. Montelione, J.), dated June 7, 2022. The order denied the plaintiff's motion pursuant to CPLR 5015(a) to vacate an order of the same court dated February 25, 2022, directing dismissal of the action, in effect, pursuant to 22 NYCRR 202.27, upon his failure to proceed to trial, and to restore the action to the trial calendar.
ORDERED that the order dated June 7, 2022, is affirmed, with costs.
In September 2013, the plaintiff commenced this action to recover damages for personal injuries. The plaintiff filed a note of issue in January 2019. Between October 2019 and August 2021, the action appeared 10 times on the calendar in the Jury Coordinating Part, and each time the action was marked adjourned or rescheduled. On the August 2021 calendar date, counsel for the defendant requested an adjournment to allow new counsel to take over the action. The plaintiff's counsel requested that the action be tried before the end of the year, preferably no later than October or November. Over the plaintiff's objection, the defendant was granted an adjournment until January 3, 2022.
On January 3, 2022, a Monday, the Supreme Court (Devin P. Cohen, J.) indicated that the action had been marked final for trial and that jury selection would begin that day if the action did not settle. The plaintiff's counsel stated that he had not expected the trial to start on that date, and both parties requested an adjournment. The plaintiff's counsel explained that it was the middle of the spike of the Omicron variant of COVID-19 and he had no idea whether his witnesses were available. The court granted an adjournment until Wednesday, January 5, 2022.
Meanwhile, Justice Richard J. Montelione was assigned to the trial. On Tuesday, January 4, 2022, Justice Montelione informed the parties that he would allow them to make a record as to their requests for a further adjournment, but that they should begin selecting a jury immediately on Wednesday morning. At an appearance in the Supreme Court on the afternoon of Wednesday, January 5, 2022, the plaintiff's counsel explained that jury selection did not begin until 11:00 a.m. and that no jurors had been selected because the plaintiff's counsel had unsuccessfully attempted to [*2]secure a court reporter in front of a different judge in order to make a record prior to the start of jury selection. The court then allowed the plaintiff's counsel to make a record regarding his request for a further adjournment, and the plaintiff's counsel stated that his "client is actually on his way here . . . to go see the administrative judge on this issue." The plaintiff's counsel further explained that when the case was adjourned to January 3, 2022, he had understood that it was for a further conference and not for jury selection. The court noted that "when something is on the trial calendar, it means you are ready to proceed to trial." When the court asked if the plaintiff's counsel was prepared to proceed on the liability phase of the trial, the plaintiff's counsel responded: "If I have to, the answer is yes." The court stated that it would not delay the liability phase of the trial but would adjourn the damages phase of the trial to a future date. The following colloquy then occurred:
"THE COURT: So I am going to allow you to proceed on the liability aspect, and your problem with the witnesses involves the damages; is that correct?
"[THE PLAINTIFF'S COUNSEL]: Yes, I was able to work it out because of how I was being forced to go out.
"THE COURT: All right, so it sounds like the Court has taken care of the issues 
"[THE PLAINTIFF'S COUNSEL]: I understand the Court may be satisfied, but I am not, and it does not resolve my malpractice issue. That is why I asked to be able to have an opportunity to make a . . . complete record because I need to be able to protect myself, also on behalf of my referring attorney from a client that could become adversarial under the circumstances. . . .
. . .
"[THE PLAINTIFF'S COUNSEL]: [I]f I have to defend myself with respect to a malpractice action, this record lays out everything that took place in an effort to be able to be ready to try the case, to zealously and in a prepared way advocate for my client which I was being denied the opportunity to do. So even right now as I am before you right now, Your Honor, you asked me for marked pleadings. The reason why I don't have marked pleadings is because I left court on Friday at four o'clock, and I have had to scramble in order to be able to get up to speed on a file that only one of the exhibits in the case has 967 pages of incident reports. I have had to go through an appellate record that is lengthy and voluminous. I have had to go through the record below on Summary Judgment. I have had to go through the deposition testimony of multiple witnesses. I have had to do all of these things in order to even be in a position to start picking a jury this morning."
The plaintiff's counsel also explained that after Justice Cohen had denied his request for a further adjournment, he had gone to see the administrative judge about the issue but was told that the administrative judge could not overrule another judge.
On Thursday, January 6, 2022, jury selection, now supervised by the Supreme Court, was completed. After the completion of jury selection, the court stated, "All right, let's talk about scheduling," and the plaintiff's counsel stated, "both sides have motions in limine that we would like to be able to make before we proceed with opening statements." After the court then heard and decided certain motions in limine, the court granted the parties' respective applications to allow certain witnesses to testify remotely. The plaintiff's counsel then stated, "yesterday when we were before you, one of the things we had spent quite a bit of time on is the issue of our preparedness to [*3]be able to go forward." The plaintiff's counsel said that he had gone to see the administrative judge the previous day, and the administrative judge told the plaintiff's counsel to go to the Appellate Division. The plaintiff's counsel then requested an adjournment of the opening statements until the following Monday, repeating the arguments he had previously made. After the court stated that it was denying the request, the plaintiff's counsel said that he had a separate issue in that his daughter had COVID-19 and that he could not be in court the next day, Friday, because he was going with his daughter to see her physician. The court stated, "That should have been the first words out of your mouth when you came to me the very first time in this courtroom to make your arguments." The plaintiff's counsel responded, "Judge, it is not in the rules, it is not a basis. That is why I am here all week. . . . [W]hen it comes to covid, if I am vaccinated, it is not a basis not to go forward." When the court asked when the daughter was diagnosed with COVID-19, the plaintiff's counsel responded, "On December 27. I have the e-mail." The following colloquy then occurred:
"THE COURT: This is the first time that this Court is hearing about it. Get another attorney in here to try the case.
"[THE PLAINTIFF'S COUNSEL]: I am a solo practitioner, Judge.
"THE COURT: You are of counsel.
"[THE PLAINTIFF'S COUNSEL]: I am asking for one day.
"THE COURT: Please get the jury in, thank you.
"[THE PLAINTIFF'S COUNSEL]: I am asking for one day, Judge, one day.
"THE COURT: The Court finds your request to be an attempt to delay this trial.
"[THE PLAINTIFF'S COUNSEL]: Judge, you have not even looked at the proof. How could you say that?"
The Supreme Court then gave preliminary instructions to the jury and asked the plaintiff's counsel whether he wished to make an opening statement. The plaintiff's counsel said that he had a private matter that he needed to discuss with the court. The following colloquy then occurred outside the presence of the jury:
"THE COURT: [Y]ou will have to show some reason why I should not sanction you for you delaying this matter when I asked you . . . , do you wish to make an opening statement. . . . I addressed all your issues, and I made it very clear.
"[THE PLAINTIFF'S COUNSEL]: You did not allow me to make a record, you are not addressing any of my issues. You cut me off, not allowing me to speak. You are trying to bully me into a situation without giving me any kind of opportunity to have access to the record. I am going to take the advice of Judge Knipel, and I am going to the Appellate Division. . . . When I made the request in order to be able to have one day because my daughter has covid, . . . and you denied that and made a determination without looking at any of the evidence that I told you that I have available to show you . . . .
"THE COURT: I assumed you had the proof, Counsel. That is not the issue . . . . You brought that up for the very first time about a half hour ago.
"[THE PLAINTIFF'S COUNSEL]: I said to you why, Your Honor, because the rules are very clear. On the court system website, it indicates these are the bases for not being able to come to court and do your business. The bases are if you have flu-like symptoms. I don't have flu-like symptoms. . . . I said the reason why I could not use it as a basis not to go forward, I am vaccinated, and I also received a booster so I don't have that as a basis to not go forward. My daughter though has covid and is symptomatic.
"THE COURT: You brought this up for the first time today about a half hour.
"[THE PLAINTIFF'S COUNSEL]: Because I asked you for a day. Every time you asked me about 
"THE COURT: I will ask you again, Counselor, do you wish to make an opening statement? That is a yes or no.
"[THE PLAINTIFF'S COUNSEL]: Every time, I asked 
"THE COURT: Yes or no?
"[THE PLAINTIFF'S COUNSEL]: I am going to the Appellate Division. I will take Judge Knipel's advice, and I am going to the Appellate Division.
"THE COURT: Counsel, before you leave  do not leave, Counselor.
"[THE PLAINTIFF'S COUNSEL]: How can you tell me not to leave?
"THE COURT: I am telling you not to leave.
"[THE PLAINTIFF'S COUNSEL]: For what purpose? I need to go to the Appellate Division now. You are leaving me no choice.
"THE COURT: I am dismissing this case because you are failing to proceed.
"[THE PLAINTIFF'S COUNSEL]: No, I am going to the Appellate Division.
"THE COURT: This case is dismissed, this case is dismissed.
"[THE PLAINTIFF'S COUNSEL]: I am going to the Appellate Division under the advice of the administrative judge."
In an order dated February 25, 2022, the Supreme Court directed dismissal of the action "[p]ursuant to this court's ruling on the record at trial on January 6, 2022."
On March 24, 2022, the plaintiff moved pursuant to CPLR 5015(a) to vacate the order dated February 25, 2022, and to restore the action to the trial calendar. In an order dated June 7, 2022, the Supreme Court denied the plaintiff's motion. The plaintiff appeals.
22 NYCRR 202.27(b) provides that at any scheduled call of a calendar or at any conference, if the defendant appears but the plaintiff does not "appear and proceed or announce [his or her] readiness to proceed immediately," the judge may note the default on the record and enter an order dismissing the action. "To be relieved of that default, a plaintiff must demonstrate both a [*4]reasonable excuse for the default and a potentially meritorious cause of action" (Sutton v Metropolitan Tr. Auth. Bus Co., 197 AD3d 1200, 1202). "Whether an excuse is reasonable is a determination within the sound discretion of the Supreme Court" (Gutierrez v Plonski, 219 AD3d 807, 808 [internal quotation marks omitted]). Under the circumstances of this case, the Supreme Court providently exercised its discretion in determining that the plaintiff failed to demonstrate a reasonable excuse for failing to proceed with the trial and that the plaintiff's counsel's belatedly proffered excuse was pretextual (see Campbell v Dwyer, 185 AD3d 777, 778; Bank of Am., N.A. v Wood, 185 AD3d 768, 769; Watson v New York City Tr. Auth., 38 AD3d 532, 533). Indeed, the court's actions were completely appropriate under the circumstances of this case, and the plaintiff's counsel's unilateral decision to decline to proceed with the trial left the court with no choice but to dismiss the action.
Since the plaintiff failed to demonstrate a reasonable excuse, this Court need not consider whether he demonstrated a potentially meritorious cause of action (see Campbell v Dwyer, 185 AD3d at 778; Bank of Am., N.A. v Wood, 185 AD3d at 769).
Accordingly, the Supreme Court properly denied the plaintiff's motion pursuant to CPLR 5015(a) to vacate the order dated February 25, 2022, and to restore the action to the trial calendar.
LASALLE, P.J., CHRISTOPHER, FORD and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court